Hempstead v. Darby.

(25) HEMPSTEAD v. DARBY.

A notice on the day of the trial of a cause, before a Justice of the Peace, by one of the parties in the trial, that he intended at a subsequent day to take an appeal— held, not to be a sufficient notice of such appeal. (Note a.)

ERROR to St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

Darby sued Hempstead before a Justice of the Peace, and had a judgment. On the day of trial Hempstead gave notice of an appeal. The day of trial was on the 19th day of January, 1828, and on the 26th day of the same month he asked an appeal, which was granted and bond given on the same day.

The Circuit Court dismissed the cause from the docket for want of notice. The act of 21st of February, 1825, provides that in all cases of an appeal, not prayed for on the day of trial, the party appealing shall notify, in writing, the opposite party or his agent, &c. The defendant could not properly call himself the party appealing until his appeal was prayed for and perhaps granted. The notice then given on the day of trial before the Justice, of an intention to take an appeal seven days after the trial, does not seem to satisfy the law. Had he taken his appeal on the day of trial there would have been no need of notice; but as it was not taken on that day, it ought to have been given in writing. This Court will not, where a legal notice has not been given, presume such notice from the fact of the party, to whom the notice ought to have been given, coming into Court and moving to dismiss the cause for want of notice. Had Darby proceeded in his cause by pleading to the merits, or by doing any other act to admit notice, the case would have been different. The judgment of the Circuit Court is affirmed.

(a.) See Cave & Morris v. Hall, adm'r, 5 Mo. R., 61,