The State of Missouri v. Hein et al.

———————•———————

THE STATE OF MISSOURI, Appellant, v. C. HEIN et al., Respondents.

*Practice, criminal — Indictment — Officer — Scienter, etc.*— An indictment against an officer, under the statute (Wagn. Stat. 487, § 16), should charge that the acts complained of were done not only willfully, but knowingly and corruptly.

*Appeal from Cooper Circuit Court.*

*J. W. Moore*, Circuit Attorney, for appellant.

The ordering of money to be paid to or warrants issued by County Court justices, in favor of any party, either for real or pretended services or as a gratuity, is simply a ministerial or administrative act and not a judicial act; and a willful and gross abuse of authority by a ministerial officer differs from a corrupt decision of a judicial officer, and the language of an indictment against the former does not require the same technical words. (State *ex rel.* Conner v. Cooper County, 17 Mo. 507; Phelps County v. Bishop, 46 Mo. 68.) There could be no malicious partiality or misconduct.

As the misdemeanor charged does not apply to a judicial act, the case of The State v. Gardner is not applicable, and it is not necessary or proper to charge the act to have been done corruptly. (2 Mo. 23.)

*Draffin & Muir*, for respondents, cited The State v. Gardner, 2 Mo. 23.

WAGNER, Judge, delivered the opinion of the court.

This was an indictment against the justices of the Cooper County Court, and charges " that said parties, being then and there justices of the County Court of said county, duly elected, etc., did then and there, under color of their offices as such justices, unlawfully, willfully and by a gross abuse of authority in their official capacity, and under color of their said offices as justices of the said Cooper County Court, draw and order to be drawn on the treasurer of said county a warrant," etc. The indictment was demurred to as insufficient, and the demurrer was sustained and the State appealed to this court.

The section of law under which this indictment was framed declares that " every person exercising or holding any office or public trust who shall be guilty of willful and malicious oppression, partiality, misconduct or abuse of authority in his official capacity, or under color of his office, shall, on conviction, be punished," etc. (Wagn. Stat. 487, § 16.)

The act of which the officers must be guilty must be a willful act, but the indictment to be good should contain other averments. It should show such acts as would amount to the imputed crime independent of the word "willful"; and to make this out, the indictment should charge the act to have been done knowingly and corruptly, and the act should be alleged to be willful. (The State v. Gardner, 2 Mo. 23.)

I think the demurrer was properly sustained, and the judgment of the Circuit Court should be affirmed. Judge Bliss concurs. Judge Adams not sitting.