STATE OF MISSOURI, Appellant, *vs.* JOHN PINGER, Respondent.

57  243
59a 604.
57  243
74a 317

1. *Practice, criminal—Abuse of trust—Indictment—Allegation of scienter.*—An indictment against a County Court justice, under the act of 1872, (Adj. Sess. Acts, 1872, p. 59) for an abuse of public trust in voting for a certain appropriation, which charged that "well knowing that the appropriation and payment were illegal," etc., * * "he knowingly and feloniously did vote for said illegal appropriation," etc., is insufficient. The further averment would be necessary to the effect that he was actuated by some dishonest or corrupt motive. (See State vs. Hein, 50 Mo., 362.)

### *Appeal from Buchanan Circuit Court.*

*Jas. P. Thomas*, for Appellant.

I. Corruption is neither an element in, nor a constituent part of the offense created by the act of March 20th, 1872. (Adj. Sess. Acts, 1872, p. 59.) Therefore it is not necessary to allege in the indictment that it was done corruptly. (Bish. Stat. Cr., § 371.)

Where a statute forbids the doing of an act under a penalty, the person doing such act is indictable without the addition of corrupt motives. (Whart. Pr. Ind. & Pl., vol. 1, ch. 2, p. 20.)

Where the appropriation voted for is for a purpose not directed and warranted by law, and the justice so voting knows that fact at the time he votes for the same, and the purpose is in fact effected, the crime of felonious embezzlement is complete. (Adj. Sess. Acts, 1872, p. 59.) The indictment strictly charges each of these three ingredients, and is therefore good.

The offense charged is not a misdemeanor in office, but a felony created by the statute. The law names one act only, the doing of which knowingly, by any of the persons therein designated, constitutes a felony, and requires no additional words to describe, explain or charge the offense so made a felony. Hence the cases of the State vs. Gardener, (2 Mo., 23), and State vs. Hein, (50 Mo. 62), are not in point.

If the vote had been corruptly as well as knowingly given, the offense would have been indictable under the general law. (Wagn. Stat., 487, § 16.) Hence the legislature

must have intended that if a justice of the County Court voted for an appropriation of the county's money to a purpose which he knew at the time was not directed or warranted by law, he should be deemed guilty of feloniously embezzling the same, when the purpose is in fact effected, although he may have derived no benefit or advantage whatever from such appropriation, and may have expected none at the time he cast the vote. Otherwise the act of March 20th, 1872, would create no new offense, and would therefore be superfluous.

Where an indictment for an offense purely statutory, charges the offense in the language of the statute, it is sufficient. (State vs. Stubblefield, 32 Mo., 63; State vs. Comfort, 5 Mo., 357; on this point, see particularly Commonwealth vs. Welsh, 7 Gray, 327, and authorities cited.)

The bills allowed are set out in the indictment, so that the court can see that they are private matters of account between individuals, with which Buchanan county had not the remotest connection, and in which said county had not the slightest interest. It was to put an effectual stop to such reckless squandering of the public money, that the legislature passed the law in question.

*Hill & Carter and Hunter & Mossman,* for Respondent.

I. This indictment is defective in that it omits to charge. that the respondent, in doing the alleged acts, acted willfully and corruptly. These words must be used even in cases of misdemeanor against public officers generally, and especially so against judges of courts. (State vs. Hein, 50 Mo., 362, 364; State v. Gardener, 2 Mo., 22; Jacob vs. Com., 2 Leigh, 709; People vs. Com., 15 Wend., 277; Pike vs. McGown, 44 Mo., 491, and cases cited; 1 Bish. Cr. L. 3 Ed. par. 913, 914, 915.)

II. This statute created no new offense, but changed what was a misdemeanor at common law into a felony. At common law an indictment against a judicial officer always required that the act constituting the offense, should be charged to have been done " willfully, knowingly and corruptly, with intent," etc. (Reed vs. Conway, 20 Mo., 523; Pike vs. Mc-

Gown, 44 Mo., 491; State *ex rel.* vs. Hixon, 41 Mo., 210; Schoettenger vs. Wilson, 48 Mo., 253; Jacob vs. Com., 2 Leigh, 709; State vs. Gardener, 2 Mo., 22; People vs. Coon, 15 Wend., 277; State vs. Hein, 50 Mo., 362; 1 Bish. Crim. Law, § 462, 5 Ed.; 2 Bish. Crim. Law, § 972, 5th Ed.; Mason vs. Mitchell, 18 Iowa, 153; Donahue vs. Richards, 38 Mo., 379; Stewart v. Southard, 17 Ohio St. 402; 29 Mo., 221; 18 B. Mon., 494; 2 Cush., 68; 7 How. [U. S.,] 89; 13 Wal., 335.)

And the rule is the same where the statute merely declares what shall be the punishment of an offense known to the common law. (State vs. Steadman, 7 Pet., 495; Bell vs. State, 5 Eng. Act, 536; U. S. vs. Desher, 1 Morris, 412; Camp vs. State, 3 Kelly, 417; State vs. Absence, 4 Potter, 397; 2 Am. Cr. Law, par. 2521; Eyman v. People, 1 Gil. 8.)

An indictment to be good under the statute, must contain the averments which the common law required in cases of misdemeanor in office. (1 Paine C. C., 16; Price vs. Thornton, 10 Mo., 135; Com. vs. Stack, 19 Pick., 304; Regnie vs. Page, 34 Eng. Com. Law, 644; Regnie vs. Allday, 34 Eng. Com. Law, 652; Bish. Crim. Prac., §§ 521–524, and 623–630.)

An innocent mistake in no case renders a party liable to indictment. (Bish. Stat. Cr., §§ 805, 806; Bish. Crim. Law, vol. 1, §§ 291–300; 6 Blackf., 248; State vs. Newkirk, 49 Mo., 84.)

And the indictment must charge the intent and all the circumstances which come into the definition of the offense in the statute, so as to bring the defendant precisely within the act. (State vs. Ross, 25 Mo., 426; State vs. Evans, 49 Mo., 542; State vs. Colburn, 44 Mo., 344.)

III. The act of March 20th, 1872, so far as it affects judges of courts of record acting judicially, is unconstitutional and void. The officer included here is a judge of a court of record, and he is indicted for doing a judicial act over which he had jurisdiction, and he can only be made responsible when he acts "willfully, corruptly and maliciously," or be subjected to a civil suit. (See Reed vs. Conway, 20 Mo., 523; Pike vs.

McGown, 44 Mo., 491, and authorities referred to by the court.) But when he acts judicially upon the subject matter, over which he has jurisdiction, then impeachment and removal from office is the only remedy, and he cannot be reached by indictment or civil suit. The statute of March 27th, 1874, is explanatory of the act of 1872, and shows clearly that it was never intended to apply to the case at bar. (Sess. Acts 1874, p. 45.)

WAGNER, Judge, delivered the opinion of the court.

This was an indictment under the act approved March 20, 1872, (Adj. Sess. Acts, 1872, p. 59) for an abuse of a public trust. The indictment charges that the defendant was a justice of the County Court of Buchanan county, and that as one of said justices, while the court was in session, he voted for and made an appropriation out of the public funds to pay a certain claim, and appropriated and paid the same out of the public money, well knowing that the appropriation and payment were illegal, and for a purpose not warranted and directed by law; and that he knowingly and feloniously did vote for said illegal and unlawful appropriation, whereby, etc.

The court sustained a demurrer to this indictment, and the State appealed.

The act under which this indictment was found, provides among other things, that if any member of a County Court shall knowingly vote for the appropriation, disposition or disbursement of any money or property belonging to the county, for any purpose not directed and warranted by law, such person so voting for such illegal appropriation, disbursement or disposition of any such money or property shall be deemed and taken, if such illegal appropriation, etc., be in fact effected, to have feloniously embezzled and converted to his own use, etc.

The only question is, whether the indictment contains the necessary averments to charge a substantial offense. The general principle is, that the indictment should charge the intent and whatever circumstances are sufficient to bring the

offense within the meaning and definition of the statute. The statute that we are now considering creates no new offense, but it magnifies into a felony what was previously a misdemeanor.

In the case of State vs. Gardener, (2 Mo., 23) the question here in issue was considered and decided. There the indictment charged that Gardener was a justice of the peace, and that as such justice, he did, on a certain day willfully issue his summons, etc., knowing that, etc. McGirk, Ch. J., in delivering the opinion of the court, said : " The point made in this case is, whether the indictment charges any misdemeanor. The words of the law are, 'on conviction for any willful misdemeanor.' The words of the indictment are, that ' the defendant willfully issued a summons,' etc. And the circuit attorney insists that it being clearly a void summons is a misdemeanor; and it having been alleged to be willful, the statute is satisfied and the indictment is good."

I am of a contrary opinion. In this case two things are required : first, that the indictment should show such facts as would amount to a misdemeanor, independent of the word, "willful"; and to make this out, the indictment should charge the act to have been done knowingly and corruptly ; and, secondly, that the act should be alleged to be willful.

So in the case of the State vs. Hein, (50 Mo., 362) where the section of the statute under which the proceedings were had, declared that every person exercising or holding any office or public trust, who should be guilty of willful and malicious oppression, partiality, misconduct or abuse of authority in his official capacity, or under color of his office, should, on conviction, be punished, etc. The indictment was against the justices of the Cooper County Court ; and charged that the parties " being then and there justices of the County Court, * * * * * did, under color of their offices as justices, unlawfully, willfully, and by a gross abuse of authority in their official capacity, and under color of their said offices as justices of the said Cooper County Court, draw and order to be drawn on the treasurer of said county, a warrant," etc.

The indictment was held bad on the principle announced in Gardener's case. The rule was re-iterated, that the act of which the officers must be guilty must be a willful act; but the indictment, to be good, should contain other averments. It should show such acts as would amount to the imputed crime, independent of the word "willful," and to make this out, the indictment should charge the act to have been done knowingly and corruptly, and the act should be alleged to be willful.

Now the act that we are construing says, that if the officer shall knowingly vote for the appropriation, for any purpose not directly warranted by law, he shall be deemed, etc.

The indictment essentially follows this language, but that is not sufficient. Of course the officer must knowingly do the act or cast the vote; if it was not so done, it would not constitute a crime under any circumstances. But he might do it intelligently and knowingly; and it might be a matter of doubt whether the appropriation was justified or warranted by law or not. If upon a construction of the law it was determined that the appropriation was not directed or warranted, surely the law would not criminally punish the officer for a mistaken judgment. It would be necessary therefore, to make the further averment that he was actuated by some dishonest or corrupt motive. Hence the best authorities are in harmony with the law, as previously adjudged by this court.

In speaking on this subject, Wharton says, "it is generally necessary to constitute the offense, that the motive should be corrupt; and that in an indictment against an officer of justice for misbehavior in office, it is necessary that an act imputed as misbehavior, be distinctly and substantially charged to have been done with corrupt, partial, malicious or improper motives, and above all with knowledge that it was wrong, though no technical words in framing the charge will be required." (3 Whart. Crim. Law, §§ 2520-21.) This doctrine is supported with a great array of authorities.

I think the judgment should be affirmed; all the judges concur, except Judge Sherwood, who is absent.