THE STATE OF MISSOURI, Appellant, v. ROSS W. LATSHAW, Respondent.

Kansas City Court of Appeals, December 2, 1895.

1. **Criminal Law:** WILLFUL AND MALICIOUS OPPRESSION IN OFFICE: INDICTMENT.  An indictment under section 3732, Revised Statutes, 1889, for extortion by a justice of the peace under color of his office should charge the acts to have been willfully and maliciously done or the indictment will be insufficient.  As to whether they should be charged to have been corruptly done, depends upon the facts in the case.

2. ——— : ——— : ———.  The indictment in this case is *held* to have
been drawn under section 3732 and not under section 3564, Revised
Statutes, 1889, and the case of *State v. Hein*, 50 Mo. 362, is *distin-
guished.*

*Appeal from the Clay Circuit Court.*—HON. E. J.
BROADDUS, Judge.

AFFIRMED.

*Wm. T. Jamison* for appellant.

(1)   It was not denied in the court below that the
indictment in this case and the charge therein of
obtaining money amounting to $16 by false pretenses
was sufficient in form under our statute relating to false
pretenses (secs. 3564, 3547, R. S. 1889), but the point
made and decided was that respondent, having col-
lected said $16 while acting as a justice of the peace,
was not amenable to said statute respecting false pre-
tenses, and was only amenable to sections 3732, 3733,
3735, and 3737, Revised Statutes, 1889.  (2) It also fol-
lows that according to said decision in *State v. Bolin*, 110
Mo. 209, respondent could not be indicted under said
sections, 3732, 3733, and 3737, Revised Statutes, for the
reason that those sections have sole reference to offenses
committed by officers in their official capacity or under
color of office.  Section 3735 does not apply for the
reason that it relates solely to fees claimed by the officer
to be due to himself and not to fees of others.

*John W. Beebe* for defendant.

(1)   The indictment in this case does not charge
the defendant with any offense committed by him other
than by color of his office as justice of the peace.   (2)
It will be seen from the allegations of the indictment
that the moving cause which led Chambers to part with

the $16, was the threat on the part of the justice to commit her to jail if she did not pay it. The representation that said amount was due, did not lead her to pay the excessive fines and costs, but it was the fear of being committed to jail that extorted this sum from her. And even if the mere representations had been the inducement, yet they were made by defendant as justice and by color of his office. (3) It, therefore, appearing from the indictment that the excessive fines and costs were exacted by the defendant in his official capacity or under color of his office, the case falls under sections 3732 and 3737 of Revised Statutes, Missouri, 1889. (4) An indictment grounded on such a misdemeanor should charge that the accused willfully and maliciously abused his authority in his official capacity or under color of his office, etc. These allegations are essential to the validity of an indictment under this section. *State v. Hein*, 50 Mo. 364. (5) As stated in the brief for the state the indictment was drawn under the section relating to false pretenses. Defendant is not therein called to defend under the section relating to oppression in office. And the indictment lacks the essentials which would make it impregnable to a demurrer, under those sections. *State v. Hein, supra.*

ELLISON, J.—The defendant was indicted in Jackson county, under section 3564, Revised Statutes, 1889, as claimed by the state, for obtaining money under false pretenses, but, as claimed by defendant, he should have been indicted on the facts disclosed by the indictment, under section 3732 for willful and malicious oppression, misconduct, and abuse of authority in his official capacity, viz.—a justice of the peace. The defendant's demurrer to the indictment was sustained by the trial court of Clay county, where the case had been taken on change of venue. The state appealed.

The statute under which defendant claims the facts alleged place his acts, is as follows:

"Every person exercising or holding any office of public trust who shall be guilty of willful and malicious oppression, partiality, misconduct, or abuse of authority in his official capacity, or under color of his office, shall, on conviction, be deemed guilty of a misdemeanor." The ground of the demurrer is that the indictment shows that defendant committed the act in his official capacity, as a justice of the peace, and that it should have been charged to have been done willfully and maliciously. We are of the opinion that the defendant's contention is sound and that the trial court properly sustained his demurrer. Section 3564, relied on by the state, is the general section in reference to false pretenses, defining the offense and prescribing the punishment therefor, while section 3732 aforesaid, is the section specially providing for oppression in office and abuse of authority. The indictment was evidently drawn under the latter section and undoubtedly undertook to charge an offense under that section, failing in some formal, though substantial, averments. It recites that defendant was a justice of the peace, qualified and acting as such. That he had pending before him, as such justice, several cases wherein the state was plaintiff and certain named females were defendants; that they were arraigned before him and pleaded guilty to the charges against them; whereupon they were each sentenced by the said justice of the peace to pay a fine and costs of prosecution. That said defendant falsely pretended that there was due as fines and costs the sum of $139, of which sum, $16 was due as fees of certain named witness; that said sum of $139, which included the said sum of $16 had to be paid, or in default thereof, defendant, as such justice of the peace, would commit them to jail; but if said sum was paid, he would

discharge them. The indictment then alleged a reliance on said pretenses and a payment of the money; whereas, said total sum of $139 was not due, said sum of $16, being a part thereof, not being due said witnesses, nor was any other sum due said witnesses, as the said defendant well knew.

The foregoing informal statement of the indictment renders certain that the prosecution of defendant was for willful and malicious oppression, misconduct, and abuse of authority, as a justice of the peace and as such it should have charged the act to have been done willfully and maliciously. The indictment should have followed the statute defining the offense, and have charged the act to have been willful and malicious. When the statute defines the offense, the defining words should be used in charging the offense. And in offenses of the character stated in the statute aforesaid, the particular act committed should follow the language with which the statute, in general terms, characterizes all such offenses. Thus the particular act of oppression, misconduct, and abuse of authority charged in this case, should have been preceded with the allegation that the defendant willfully and maliciously committed such act. This rule of criminal pleading is well established. The authorities are discussed in *State v. Fare*, 39 Mo. App. 110.

Under the case of the *State v. Hein*, 50 Mo. 362, a case arising under the same statute involved in this case, it would appear, at first glance, that the act should have been also charged to have been done corruptly. But we do not understand that it was meant to say in that case, that no other word of equivalent meaning, as applied to the charge, would suffice. The case is based on the decision in *State v. Gardner*, 2 Mo. 23, a case not applicable. The *Gardner case was based on a statute which did not define the offense.* It

State v. Latshaw.

merely prohibited the commission of a "willful misdemeanor" without stating what would be a misdemeanor. The court very properly held that the indictment must not only charge the act to have been willful, but should also charge the act, and so characterize it, as to show that it was a misdemeanor. This was evidently from the fact that the statute had failed to enact what acts, or character of acts, would be a misdemeanor. But the statute now being considered specifically states what shall be a misdemeanor, by enacting that any willful and malicious oppression, misconduct, abuse of authority, etc., by an officer, shall be a misdemeanor. The court, in the *Hein case, do not say that the statutory word, maliciously, would not have sufficed, if it had been used in that indictment.* If, in that case, it had been the intention of the state to show the defendants to have been guilty of corruption, the use of the word, *corruptly,* would not have been inapt, but it certainly should also be accompanied by the statutory word, *maliciously,* for so general is the rule as to the necessity of at least using the statutory terms, in charging an offense defined by statute, that a departure would be hazardous. It is sometimes necessary, in order to embrace the offense, to use words in addition to those of the statute, but those named in the statute, or their equivalent, should not be omitted.

There may be committed a variety of offenses under this statute, in which there is no semblance of corruption, and in the indictment for which, a charge of corruption would be palpably false and inappropriate. We had recently a case before us under this statute, in which no element of corruption entered; and in which we held that it was not error to refuse to submit the hypothesis of corruption to the jury. *State v. Ragsdale,* 59 Mo. App. 590. We are therefore of the opinion

that, in all that class of cases under this statute, in which there can be no element of corruption, or in which, though there could be corruption, the case in fact has not that element in it, it is unnecessary to allege that the act was done corruptly. The result of the views herein is that we affirm the judgment. All concur.