J. W. KIMBLE *et al.* v. J. J. SHORT.

NO. 46.

JUDGMENT OBTAINED BY FRAUD — *Enjoining Enforcement.* Where a judgment has been obtained by fraud and deceit against a party, and he has not been guilty of negligence on his part, but has been misled and deceived by false and fraudulent representations of the adverse party and others confederating with him, for the purpose of obtaining an undue advantage over him and preventing him from having a fair trial on the merits of his case, where he has a meritorious defense to the action against him, but has been prevented by the false and fraudulent representations of the party from making such defense, he may have such judgment stayed by an injunction and set aside, and a new trial awarded him.

MEMORANDUM.— Error from Rice district court; H. W. GLEASON, judge *pro tem.* Action of injunction by J. J. Short against J. W. Kimble and H. B. Revel. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed January 17, 1896, states the material facts.

*Samuel Jones,* and *C. F. Foley,* for plaintiffs in error.
*J. W. Brinckerhoff,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This suit was commenced by J. J. Short in the district court of Rice county against J. W. Kimble and H. B. Revel, to restrain them from enforcing a certain judgment rendered by H. B. Revel, a justice of the peace of Pioneer township, in Rice county, Kansas, on the 23d day of March, 1892, in a certain action before said H. B. Revel, justice of the peace, wherein J. W. Kimble was plaintiff and J. J. Short was defendant, and to set said judgment aside and hold the same for naught, and to allow the parties a trial of the matters involved in such action. The plaintiff below, in his amended petition alleges that

H. B. Revel was on the 23d day of March, 1892, a justice of the peace of Pioneer township, in Rice county, Kansas, and that J. W. Kimble commenced an action before said justice of the peace against plaintiff below to recover $298, and such action was set for trial before the justice of the peace on March 23, 1892. Plaintiff below alleges that he was not indebted to J. W. Kimble at the time of the commencement of the action before H. B. Revel as justice of the peace, in the sum of $298, or in any other sum; that he then had and ever since has had a good, valid and meritorious defense to the pretended claim of J. W. Kimble; and he says that he prepared an answer in defense to the cause of action set forth by the plaintiff in his bill of particulars filed before said justice, and, on the return-day of said summons, at the hour required by said summons, he appeared before said justice, and filed his answer setting up a full and complete defense to the action then pending before such justice; that upon the filing of the answer, he stated to the justice of the peace and the plaintiff and plaintiff's attorney that he did not desire to have the case tried before the justice of the peace; that he intended to appeal the case to the district court on any judgment which might be rendered against him before said justice of the peace; whereupon said defendant and said justice, conspiring, confederating, and agreeing, and intending to cheat, wrong and defraud this plaintiff, and for the purpose of preventing him from having a fair trial, or any trial, and for the purpose of obtaining an unjust and unlawful judgment against him, did fraudulently, wrongfully and unlawfully state, by and through said justice of the peace, to this plaintiff that if he would confess judgment he could take an appeal to the dis-

trict court. He further says, that he was then and there in said justice's court without counsel and without witnesses, and not expecting to try said case; that he is a farmer; that he was not at said time familiar with the rules of law regarding appeals from justice's court to the district court; that he relied upon and believed the statements of said justice so made to him touching his rights of appeal after a confession of judgment, and thereupon said that if that was right, and if that was the law, he supposed he would have to confess judgment, as he wanted to appeal to the district court. He further says, that the defendant Kimble, and his attorney, C. F. Foley, an attorney and counselor at law, were then and there present during the aforesaid conversation between the plaintiff and said justice, and that neither of them dissented from the legal proposition as stated by said justice of the peace, but that, on the other hand, very shortly thereafter the said counsel for said Kimble did draw and draft an appeal bond from the justice's to the district court, for the use of said plaintiff in taking his intended appeal, which he used.

He further says, that he did not, in the presence of said justice or elsewhere, state that he was indebted to said Kimble in the sum of $298, or in any other sum, and that he was not so indebted; that he did not intend that said Kimble should have final judgment against him for such sum or any other sum, but that what transpired as above set forth was done on his part for the sole and only purpose of getting said cause transferred to the district court for trial; but he says that the part taken therein by said justice of the peace, and assented to by said Kimble, was taken and assented to with a fraudulent purpose and design on their part to wrong and defraud this plaintiff, and

prevent him from having any trial on the merits of said cause as tendered by the pleadings therein, and of obtaining an unlawful judgment against and an advantage over him ; and he says that he then and there, for the purpose of effectuating and perfecting his said appeal, did sign and execute said appeal bond, and in the presence and with the knowledge of said justice of the peace, said Kimble, and his said attorney ; and the plaintiff says that the said justice of the peace did thereafter make an entry of judgment in said case, and attaches a copy of said judgment to his petition.   He further alleges that said justice, after the filing of the appeal bond, transmitted to the clerk of the district court a copy of the entry of judgment and the files and records of said case ; and he also says that thereafter, at the April term of the district court of Rice county, the said Kimble, in pursuance of the fraudulent and unlawful design as aforesaid, and for the purpose of preventing plaintiff from having any trial on the merits of said action, and for the purpose of taking, holding and enforcing said judgment so fraudulently obtained, did move the district court to dismiss the appeal of plaintiff below, on the ground that, the record showing that the judgment was one made by confession, the same was not appealable, although said justice, Kimble and his counsel well knew that said J. J. Short fully intended and expected to appeal, and they had before said justice of the peace, at the time of the alleged confession of judgment, read plaintiff's answer, as had also said justice.   He further alleges, that the district court did, upon Kimble's motion, and over the objection of plaintiff below, dismiss his attempted appeal ; whereupon, he duly made a motion before the justice of the peace to vacate, set aside and hold for

naught the alleged judgment by confession so wrongfully obtained, and to grant a new trial therein, which motion defendant Kimble, by his counsel, did oppose, and which the said justice, in pursuance of said fraudulent design, did overrule. He further alleges, that before the commencement of the action by Kimble before the justice of the peace, the said justice did act as agent and attorney in fact for said Kimble, and came to this plaintiff and presented said claim, which was thereafter sued on before said justice, and said justice urged this plaintiff to pay the same. He further alleges, that the judgment and costs of action were wrongfully, unlawfully and fraudulently obtained as against equity and good conscience, and were obtained by misrepresentation and fraud on the part of said defendants; that he relied, as he had a right to, upon the representations and statements made to him by the justice, and acquiesced in by said defendants and his counsel, touching his right to an appeal; that what he said and did before said justice of the peace in the way of a confession of judgment was said and done because he was misled by said justice, Kimble and his attorney as to what his rights were in the premises; and that he is not now and never was indebted to said Kimble in the sum represented by said judgment.

The petition of the plaintiff is duly verified. On the filing of the petition in the district court, and on proof that the judge of the district court was absent from the county, a temporary injunction was granted by the probate judge. A demurrer to the original petition was filed and sustained. The plaintiff below, by leave of court, amended his petition, and a demurrer was then filed to the amended petition, which was overruled by the court, and defendants below duly excepted to the judgment of the court overruling said

demurrer, and this ruling of the court is the first error assigned by the plaintiffs in error.

The demurrer to the amended petition was a general one, for the reason that the amended petition wholly failed to state facts sufficient to constitute a cause of action against the defendants below and to entitle the plaintiff below to any relief. The amended petition charged Revel, the justice of the peace, and Kimble, the plaintiff in the suit before Revel, and Kimble's attorney, with conspiring to defraud the plaintiff below, and to obtain an undue advantage over him, and, by fraud, falsehood, and deceit, procuring the judgment by confession to be entered up by said justice against him ; that said Revel, Kimble and his attorney well knew that he did not confess to be indebted to Kimble in any sum, but wholly denied any indebtedness, and at the same time filed with such justice a written answer denying specifically any indebtedness to Kimble, and attached to said answer a copy of a receipt in full, dated just 12 days before the commencement of said suit, signed by Kimble, acknowledging the receipt of $30 in full of all demands up to date ; and Short, at the time of filing such answer, told the justice, Kimble and his attorney that he did not want to try the case before the justice ; that whatever judgment was rendered he intended to appeal the case to the district court. And the amended petition further charged, that Justice Revel was acting as attorney for Kimble in the prosecution of said claim against the plaintiff below, and, for the purpose of defrauding and cheating him, falsely and deceitfully stated to him that he could not appeal the matter then, but that he must do one of three things, either stand a trial before Revel, take a change of venue, or confess a judgment, and he could then appeal. Short,

being there without an attorney, being a farmer and
not knowing the effect of such judgment, told the jus-
tice, Revel, Kimble and his attorney if that was the
law, and he could appeal, he would confess judgment
and appeal, and upon that statement alone the justice
entered up a judgment by confession, and, after some
considerable delay, approved an appeal bond, and sent
a transcript of the judgment and proceedings had be-
fore him to the district court ; and then, in furtherance
of such fraudulent purpose, on motion of Kimble's at-
torney, the appeal was dismissed, for the reason that
the record showed a judgment by confession, which
was not appealable.   The demurrer to this amended
petition admits the truth of all these charges.   The
petition and amended petition state such facts as en-
titled the plaintiff below to the relief therein sought.

The contentions of counsel for plaintiffs in error are :
(1) That in the case of Kimble against Short an ap-
peal was taken to the district court, which appeal was
by the court dismissed, and no exception to the judg-
ment of the court being taken or review had, that
judgment is conclusive against Short ;  (2) that the
motion to vacate the judgment in the case of Kimble
against Short was filed before Justice Revel, and was,
upon hearing, overruled ;  that the action of the dis-
trict court in dismissing the appeal in the case of
Kimble against Short, whether such judgment was
right or wrong, as a legal proposition, was absolutely
binding upon the parties.

We do not think this position tenable.   The appeal
was dismissed for want of jurisdiction of the district
court over the parties and of the action.   The justice·
of the peace entered up judgment against Short by
confession, and it so appeared on his transcript of the
record filed in the district court.   Under section 132,

chapter 81, General Statutes of 1889, no appeal is allowed on a judgment rendered by confession; and, where no appeal is allowed, the district court cannot acquire jurisdiction of either the parties or the subject of the action by a mere attempt to appeal.  When the record of the justice shows a judgment rendered on confession, the appeal must be dismissed.  In order to give the district court jurisdiction of a cause appealed from the justice of the peace, the transcript of the justice must show that the appeal bond was filed within 10 days after the rendition of the judgment, and that the case is one that is appealable. The district court cannot try the truth of the recitals in the record of a justice of the peace on an appeal. If there are facts material that are omitted from the transcript of record, or which are untruthfully stated, the party may, by suggestion of a diminution of the record, have the justice ordered to send up a corrected transcript of his record; but the district court cannot control the justice as to what the record must show.

The petition in this case alleges that the judgment was wrongfully, unlawfully and fraudulently obtained, and is against equity and good conscience, and was obtained by misrepresentation and fraud on the part of the defendants below; that the plaintiff below relied upon the representation and statements made to him by said justice, and acquiesced in by Kimble and his attorney, touching his right of appeal; that what he said and did before said justice in the way of alleged confession of judgment was said and done because he was misled by the justice as to what his rights were in the premises.  We do not think the dismissal of the appeal was in any sense an adjudication of the rights of Short.  The district court could not do otherwise than dismiss the attempted appeal as

shown by the records of Justice Revel.   If Short had excepted to the dismissal of the appeal and gone to the supreme court, the order of dismissal would have been affirmed, for the reason that the record in the district court showed that the judgment attempted to be appealed from was rendered on a confession.

We do not think the second position of counsel is well taken.   The justice of the peace could not vacate and set aside the judgment unless a motion for that purpose was made within five days after the judgment was entered up.   This is a proceeding to set aside a judgment obtained by fraud and conspiracy between the justice of the peace, the plaintiff in that action, and his attorney.   It is claimed that the party was misled, deceived, defrauded, and induced to do an act that he did not intend to do, and was induced to do so by falsehood and deceit, and that thereby an undue advantage was taken of him ; that if the judgment is permitted to stand and be enforced, the plaintiff in that suit and the justice will receive from him the payment of money that was wrongfully, unjustly and dishonestly procured ; that they will thereby be permitted to take advantage of their own wrongful and fraudulent acts.   Counsel seems to confound this judgment, and the proceedings to enjoin and set it aside and give the parties a fair trial of the matters therein involved, with the proceedings to set aside and avoid a judgment obtained irregularly. High, in his work on Injunctions, § 190, says :

"Where the judgment was obtained through such fraudulent conduct, or such deceitful representation has prevented the defendant from asserting his rights in the court where the case was pending, and where, through fraud upon the part of the plaintiff or his representatives, defendant is prevented from making

his defense, equity will relieve against such a judgment.''

In *Carrington v. Holabird*, 17 Conn. 530, the rule is thus stated :

'' Where the person aggrieved shows a good reason why the defense was not made at law when he shows a meritorious defense to the action which he seeks to enjoin.   This being shown, and it appearing that defendant was prevented from the assertion of his rights by fraud, unmixed with negligence of his own, a court of equity will afford relief, either by opening the case and allowing another trial, or by awarding a perpetual injunction.''

In the case of *Pearce v. Olney*, 20 Conn. 544, the court says :

'' Indeed, this falls directly within and is but an illustration of the general rule that equity will interfere to restrain the use of an advantage gained in a court of ordinary jurisdiction, which must necessarily make that court an instrument of injustice in all cases where such advantage has been gained by the fraud, accident or mistake of the opposite party.''

In the case of *Babcock v. McCamant*, 53 Ill. 214, the supreme court says :

'' But it is urged that the remedy was complete under the statute, by applying to the circuit judge at chambers to order a stay of proceedings under the execution, until a motion to quash the execution and levy could be heard at the next term.   This may be true of the execution and the levy, but it is not clear that the circuit court could correct the judgment on a motion.   But, even if it could, it is more satisfactory and complete to grant the relief in equity.   The facts alleged and admitted by the demurrer show gross fraud, and fraud is a matter of equity jurisdiction, and that court did not lose it by statute conferring similar jurisdiction upon the courts of law.   If, then, under the statute, or the inherent power of a court of

law to control its process and records, that court could correct the judgment, still it would not deprive equity of jurisdiction. Had the only relief sought been to quash the execution and set aside the levy, the proper course would have been to apply to the judge at chambers, and obtain an order staying further proceedings until the hearing of the motion; but the relief goes to the judgment itself, and to relieve against a fraud.''

In the case of *Rickle v. Dow*, 39 Mich. 91, being an injunction to restrain the collection of a judgment, the court says :

'' While the judgment might bind complainant personally, yet it would not affect the security or prevent claimant from having the mortgage set aside, upon showing that the obligation it had been given to secure had in fact been paid. The fact that a judgment had wrongfully been obtained upon the note, binding upon the defendant in that case, would be no answer in the suit to have the mortgage set aside and his real estate released from the mortgage cloud resting thereon. The court, having obtained jurisdiction for this purpose, may, we think, well proceed and examine into the whole case, and give complete relief in the premises.''

There was no error in the order of the court overruling and denying the demurrer to the amended petition.

After the court had overruled the demurrer of the defendants below to the amended petition of the plaintiff below, then the defendants filed an answer to said petition, setting up the proceedings had before Justice Revel in the suit of Kimble against Short, setting out the judgment, alleging the appeal therefrom by Short to the district court, the motion to dismiss the appeal, the dismissal thereof, and that afterward Short, the defendant in said proceedings, filed his motion to vacate the judgment before Revel. The order overrul-

ing such motion and alleging that Short is estopped by the judgment of the district court in dismissing such appeal, and also that the judgment of the justice in overruling the motion to set aside and vacate the judgment, is also an estoppel against Short. A demurrer was interposed by the plaintiff below to the second count in the answer, which demurrer was sustained, and defendants below filed an amended answer setting up substantially the same matters, and plaintiff below demurred to said amended answer, which demurrer was by the court sustained, and defendants duly excepted. The judgment and order of the court in sustaining the demurrers to the second count in the answer and amended answer are the second assignments of error complained of by the plaintiffs in error. The second count of the defendants' answer pleads as a defense, in substance, that in the suit of Kimble against Short said Short appealed from the judgment of Revel to the district court of Rice county ; that his said appeal was upon motion dismissed; that the judgment of the district court was a full and complete adjudication of the questions involved between Kimble and Short ; that it decided the identical question sought to be relitigated by Short in the present suit, and was and is *res judicata;* and this count sets out, as exhibits, copies of the motion to dismiss and the journal entry of judgment in the case of Kimble against Short.

The argument of counsel is based on the theory that the order and judgment of the justice of the peace in overruling the motion of Short to set aside and vacate the judgment of Kimble against Short having been overruled, and no appeal or proceeding in error having been taken from such ruling, the matter is therefore *res judicata,* and conclusive on

Short.    This motion was made several weeks after
the judgment was rendered, and was after the justice
of the peace had lost jurisdiction to hear a motion to
set aside and vacate the judgment.   The justice could
not entertain a motion to vacate the judgment unless
the motion was made within five days after the ren-
dition thereof.    The action of the justice where he
has no jurisdiction is not binding on any person ; it is
a mere nullity.    The right to hear and determine a
case is jurisdiction ; it is *coram judice;* and where the
court has jurisdiction of the subject-matter and of the
parties its judgments and orders are binding upon
the parties.   No matter how irregular the judgment
and proceedings may be, they are valid and binding
until set aside or vacated in some action authorized
for the purpose, and cannot be disregarded in any
collateral proceeding ; but where the court has no
jurisdiction of the action, or has not acquired juris-
diction of the parties, or where it has once had juris-
diction of the subject of the action and of the parties,
and that jurisdiction has spent its force by final judg-
ment or lapse of time, its orders and judgments made
therein are without jurisdiction and void, and may
be treated so in any court of competent jurisdiction
when brought in question.    The proceedings had be-
fore Justice Revel on the motion to set aside and vacate
the judgment were unauthorized, and of no force what-
ever, and are not binding on either party.  The proceed-
ings thereon are the same as though no motion had ever
been filed.   The authorities cited by counsel for plain-
tiffs in error and relied upon in their arguments based
thereon are not applicable to a suit to enjoin and set
aside a judgment obtained by fraudulent conduct.
Where a judgment is tainted with fraud, equity will
interfere, and restrain the party obtaining such ad-

vantage by reason of his own wilful fraud, and not permit him to reap the benefits of an advantage so wrongfully and fraudulently obtained. Fraud vitiates and destroys all advantages attempted to be gained thereby. It is an elementary principle of law that a person shall not be allowed to profit by a known fraud practiced by him upon another. Therefore, the demurrers to the answer and the amended answer were properly sustained.

The third error complained of by plaintiffs in error is in the judgment of the court overruling and denying the defendants' demurrer to the plaintiff's evidence. The same reason urged against the judgment of the court in sustaining the demurrer to the defendants' answer and amended answer is used to support the contention of counsel against the judgment of the court in overruling the demurrer to the evidence. The plaintiff below proved all the allegations set out in his petition, and it was sufficient to authorize the court to grant the relief sought in this suit; and it follows from the reasons already given in the former portion of this opinion that the demurrer to the evidence was properly overruled.

It is contended by counsel for plaintiffs in error that the court erred in excluding testimony offered by defendants on the trial, to wit, the transcript of Justice Revel, the motion to dismiss the appeal, and the journal entry of judgment in the district court. These proceedings were all a part of the petition of the plaintiff below, and attached to his petition, and were a part of the record, and the proof of their contents was immaterial, because the whole matter was before the court in the pleadings, and admitted by the pleadings, and it would have been surplusage to have received any evidence of what was admitted by the pleadings.

Kimble v. Short.

The trial of the allegations of fraud involved what took place at the justice's office, which brought about the confession of judgment; and the entry afterward made by the justice in his docket had only a very remote connection with what the journal entry of the judgment dismissing the appeal had with the rights of the party on the trial of this cause. The same reason urged for the admission of these proceedings was urged in the argument of counsel on the proposition of sustaining the demurrer to the second count in the answer and amended answer of the defendants. Whatever the journal entries do show does not relieve the case from the fraud practiced by the successful party in obtaining the judgment in this case. They simply show what was done in pursuance of the fraudulent design of the justice of the peace, the plaintiff in the case before the justice, and his attorney; and they were properly excluded as evidence on the trial of the case.

The final complaint of plaintiffs in error is, that the court erred in overruling the motion of defendants below for a new trial. The case was tried by the court without a jury, and, after hearing all the evidence and taking the matter under advisement for a number of days, the court found all the allegations set forth in the plaintiff's petition to be true.

We have examined the evidence in this case with great care, and think that the findings of the court are fully justified under the evidence; and, there being no error in the proceedings upon the trial of the case, therefore the judgments of the district court is affirmed.

All the Judges concurring.