THE WESTERN MANUFACTURING COMPANY *et al.*, *Appellants*, v. WOODSON *et al.*

### Division One, July 9, 1895.

1. **Deed of Trust**: SECURITY: VOLUNTARY ASSIGNMENT. Where a deed of conveyance in trust is made to a trustee to pay certain described debts from the proceeds of property conveyed, and to repay to the grantor any surplus, the deed will be treated as a security, and not as a voluntary assignment.

2. ———: INTENTION: CONSTRUCTION. Where the intent of a document is obvious, its failure to conform to a usual form employed to express the purpose in view, is not fatal to its validity.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

.AFFIRMED.

This is a suit in equity, brought by creditors of George L. Jewett & Company, to have a deed made by that firm, February 8, 1893, declared to be a voluntary deed of assignment for the benefit of all their creditors, instead of for the benefit of the Saxton National Bank which claims to be alone secured thereby.

A few days before that date, the firm of Jewett & Company became insolvent, their paper having gone to protest. On that day they made the deed in question, and under it delivered to defendant, Woodson, all the property owned by them and described in the instrument.

The deed states the consideration as the "debts and trust hereinafter mentioned and created, and the sum of one dollar." The words of conveyance are "grant, bargain, sell, assign, transfer, convey and confirm."

After describing the property as all the stock, etc., it states that it is intended to include all the property belonging to the first parties in or around the buildings or premises of the firm, and also all notes and accounts belonging to said firm.

The purposes of the deed are stated to be that, whereas the first parties have executed their three promissory notes, amounting to over $18,000 in all (which are set out), and that "all said notes are now hereby agreed to be due for the purpose of payment, and all moneys realized under this instrument of writing after paying costs and expenses of this trust as hereinafter provided for, shall be applied and paid on said notes in the order and manner they are above set out."

The second party is then empowered to hire and pay necessary agents to aid him, and to pay the expenses of executing the trust. The deed then proceeds:

"The said second party is now placed in charge of said described personal property, hereby conveyed and transferred, with full power and authority to sell the same either at public or private sale, in whole or in part, at wholesale or retail, at said places or any other place or places in St. Joseph, Missouri. If the said second party should sell any of the property at public sale, it shall be by giving ten days' notice by advertising in some newspaper published in St. Joseph, giving the time and place of said sale."

Then follows a clause substituting the sheriff in case of the death, etc., of the second party, and providing that the proceeds of the sale shall be applied first to pay "the costs and expenses of executing this trust, including legal compensation for the trustee's services, and next shall apply the proceeds remaining over to the payment of said debt and interest, or so much thereof as remains unpaid, and the remainder, if any, shall be paid to the party of the first part, or their legal

representatives." Then follows the statement that the second party covenants to perform and fulfill the trust, and the ordinary concluding clause with signatures and seals of the first parties.

February 10, 1893, the firm executed another instrument to defendant Woodson, purporting to convey the same property described in the first, and declaring that it was given to secure the same notes as set out in the former. This second deed contains this provision: "For the purpose of this trust it is agreed that all said notes shall be considered and treated as due," and also the following clause:

"This instrument is made and executed for the purpose of reforming a certain other mortgage between the same parties, dated February 8, 1893, and for the purpose of more fully and perfectly expressing the intention of said parties to mortgage the property herein, and in said mortgage described, for the purpose of securing the debts mentioned and described therein."

The answer admitted the execution of the first deed, alleged that it was intended as a deed of trust to secure the bank debt, and was being so treated by defendant, Woodson, pleaded the second deed, and closed with the following prayer:

"Wherefore, defendants pray the court that if said first mentioned deed is so written as in law or equity to give it the force and effect of a general assignment for the benefit of all the creditors of said Jewett & Company, and that said second instrument is not operative to correct and reform the first mentioned instrument so as to give it effect as a deed of trust according to the intentions of the parties thereto, that this court, by its decree, shall correct and reform the same so as to make it conform to the intention of the parties and give it effect as a deed of trust in the nature of a mortgage to

secure the debts of defendant bank therein described, and for all other proper relief."

The court decreed that the first deed should be reformed as prayed, and, in substance, that it should operate as a security for the Saxton Bank.

The other material facts appear in the opinion of the division.

*Dowe, Johnson & Rusk* for appellants.

(1)  Upon its face and under the evidence, the deed of February 8 must be construed as a general deed of assignment. Burrill on Assignments, sec. 6; Cobbey on Chattel Mortgages, sec. 98; 1 Hill on Mortgages, 3, 4; *Crow v. Beardsley*, 68 Mo. 435; 1 Am. and Eng. Encyclopedia of Law, p. 845; *State to use v. Benoist*, 37 Mo. 500; *Bartlett v. Teah*, 1 Fed. Rep. 768; *Douglas v. Cissna*, 17 Mo. App. 44; *Implement Co. v. Thurman*, 29 Mo. App. 186; *Hargadine v. Henderson*, 97 Mo. 375.  (2) And being a deed of assignment, the construction put upon it by the court was a variance of its terms and inconsistent with its provisions; and the admission by the court of oral evidence to support such construction was erroneous. *Hickman v. Hickman*, 55 Mo. App. 303; *Koehring v. Muemminghoff*, 61 Mo. 403; *County of Johnson v. Wood*, 84 Mo. 489; *James v. Clough*, 25 Mo. App. 147; *Jennings v. Brizeadine*, 44 Mo. 332.  (3) Where the language of an instrument has a settled legal construction, parol evidence is inadmissible to vary such construction. 1 Greenleaf on Evi., sec. 298; 2 Parsons on Contracts, 551; Wald's Pollock on Contracts (1885), p. 474.  (4) The deed of February 8, by its terms, conveyed a different interest or estate in the property described from what it conveyed as interpreted by the court. *Bartlett v. Teah*, 1 Fed. Rep. 768.  Parol evidence is not admissible to affect the operation of a deed

in respect to the interest or estate purporting to be conveyed. *Henderson v. Henderson,* 13 Mo. 151. (5) While a deed absolute in form, may, as between the parties to it, be shown by parol evidence to be a mortgage, this will not be allowed when the interests of third parties would be affected thereby. *State to use v. Koch,* 40 Mo. App. 635.

*B. J. Woodson, T. J. Porter* and *B. R. Vineyard* for respondents.

(1) The instrument of February 8, 1893, in controversy, was evidently given as a security and must be held to be a deed of trust. *Hargadine v. Henderson,* 97 Mo. 375; *Warner v. Littlefield,* 89 Mich. 329; *Gage v. Chesebro,* 49 Wis. 486; *Bank v. Chapelle,* 40 Mich. 447; *Baker v. Hall,* 13 N. H. 298. This deed of trust was duly acknowledged, though the acknowledgment is omitted from the abstract. Plaintiffs charge in their petition that it was duly acknowledged. (2) A defeasance clause in a mortgage or deed of trust is not essential to its validity as such. "If from the nature of the instrument, either standing alone or read in the light of the surrounding circumstances, it appears to have been given as a security it must be considered as a mortgage." *Hargadine v. Henderson,* 97 Mo. 375; *In re Assignment of Zwang,* 39 Mo. App. 356. (3) As, under the evidence, a court of equity would have reformed the first deed of trust, the parties thereto had a right themselves to reform it so as to conform to the intention of the parties. *Martin v. Nixon,* 92 Mo. 35; *Price v. Reed,* 38 Mo. App. 503; *Young v. Coleman,* 43 Mo. 179; *Young v. Cason,* 48 Mo. 259; *Bruse v. Nelson,* 35 Iowa, 157; *Geib v. Reynolds,* 35 Minn. 331; *Banes v. Mott,* 64 N. Y. 397; *Stimpson v. Pease,* 53 Iowa, 572; *Wooden v. Haviland,* 18 Conn. 101. The case last cited

involved the right to correct a mortgage, when the defeasance clause was omitted by mistake of the scrivener. (4) The mistake here was one of fact, to correct which a court of equity would grant relief. The law goes further than is necessary to sustain us, for "if an instrument, as it is reduced to writing, fails to express the contract which the parties actually entered into, equity will reform it, and this it will do, though such failure was the result of a mistake in law. *Corrigan v. Tiernay*, 100 Mo. 276; *Griffith v. Townly*, 69 Mo. 13; *Cassidy v. Metcalf*, 66 Mo. 519; *Smith v. Patterson*, 53 Mo. App. 66. (5) This is not a case of amending a deed, so as to change it in any respect from the original design of the parties thereto, but of correcting it, so as to conform to that design, and to carry out their intentions in making it. 15 Am. and Eng. Encyclopedia of Law, pp. 679–680, and cases cited. Even though it had been intended by the parties that the deed should operate as an assignment, any mistake made therein would be the subject of reformation. *Trapp v. Moore*, 21 Ala. 693; *Pierce v. Brewster*, 32 Ill. 268; *Gibson v. Rees*, 50 Ill. 383; *Merrell v. Engelsby*, 28 Vt. 150; *Ins. Co. v. Wallis*, 23 Md. 173. See, also, 8 Biss. 174. (8) An assignee for the benefit of creditors stands in the shoes of the assignor. He takes subject to all prior equities. He is not a purchaser in good faith. *State to use v. Rowse*, 49 Mo. 593; *Peet v. Spencer*, 90 Mo. 388; *Heinrichs v. Woods*, 7 Mo. App. 237.

BARCLAY, J.—The suit is in equity, and grows out of the facts which appear in the statement opening the report of the case. The decisive question is upon the proper construction of a deed by Jewett & Company to Mr. Woodson as trustee to secure notes of the former to the Saxton National Bank. These parties were

respectively the first, second, and third parties to the deed.

The plaintiffs insist that the deed amounts to, and should be construed as, a general voluntary assignment of the property for the benefit of all creditors of the grantor, and not merely as a security for the Saxton National Bank. This claim is based upon section 424 (R. S. 1889), and the interpretation that the section has received in former rulings of the supreme court. *Shapleigh v. Baird* (1858), 26 Mo. 322; *Crow v. Beardsley* (1878), 68 Mo. 435.

The true meaning of the instrument seems to us different from that contended for by plaintiffs.

The defeasance is not as plainly expressed as it might be; but we think its substance and purport clear.

Where the intent of a document is obvious, its failure to conform to some recognized formula of words to express the thought is not fatal, where no law requires such conformity.

Here it is evident that the property was conveyed in trust as security for debts due the Saxton Bank, and it was expressly provided that the balance of proceeds remaining after discharging the debts and interest should be paid to the grantors.

The conveyance was declared to be "in trust" for the purposes described in the deed, of which the securing payment of the notes was evidently the chief one. Had the trust been executed, equity would compel a reconveyance.

Taking the document as a whole, we think it falls within the ruling in *Hargadine v. Henderson* (1889), 97 Mo. 375 (11 S. W. Rep. 218), namely:

"If from the nature of the instrument, either standing alone or read in the light of the surrounding circumstances, it appears to have been given as a security, it must be considered as a mortgage, and the

law will apply thereto the rules applicable to mortgages" (p. 386).

2.   Entertaining the view above given of the first deed (of February 8, 1893), it is unnecessary to consider whether the attempt to reform it by another instrument, two days later, was valid in contemplation of law or equity.

From what has already been said, it follows that the general result reached by the learned circuit judge, holding the deed to be a security and not a voluntary assignment, was right, and should be affirmed. It is so ordered. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.