STATE OF MISSOURI, Respondent, v. KIRK, Appellant.

St. Louis Court of Appeals, May 2, 1905.

COUNTY COURTS: Appeal: Dramshop License. An order of a county court revoking the license of a dramshop keeper for keeping a disorderly house, under section 3012, Revised Statutes of 1899, is an administrative and not a judicial act, and no appeal will lie from such order to the circuit court.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*C. G. Shepard* for appellant.

Wm. H. Barnett was entitled to an appeal from the county court to the circuit court, and there have the matter tried *de novo*, and the filing of his motion and affidavit for appeal, and a bond as required by law which was wrongfully refused by the court, should have the same effect in law as if the appeal had been granted, and the judgment of the county court should be held up until the matters are finally passed upon; there being no delay on the part of the said Wm. H. Barnett in trying to secure his rights in the premises, and as he in all things complied with the law as in such cases provided; and appeals will lie from the county court to the circuit court from any final judgment or order, having the effect of a final disposition of any cause or proceeding in a county court, in which that court acts in a judicial manner, and not in mere administrative capacity. Scott County v. Leftwitch, 145 Mo. 26, 46 S. W. 963; Colville v. Judy, 73 Mo. 651; Webber v. Spindler, 36 Mo. App. 355; State ex rel. v. Shelton, 55 S. W. 1008; State ex rel. v. County Court, 47 Mo. App. 648.

*L. L. Collins* for respondent.

(1) A dramshop license when issued by a county court or excise commissioner, is merely a permit and is not a contract between the State and the licensee, in which the latter has vested rights but is subject, at all times, to the police powers of the State government, and may be revoked at any time that it may see proper to do so, for any violation of the laws governing dramshops, whether licenses so provide or not, and this is as much a part of the license as if copied into it, and the licensee must be held to have accepted his license upon these terms and conditions. Higgins v. Talty, 157 Mo. 280, 57 S. W. 724; State v. Bixman, 162 Mo. 22, 62 S. W. 828. (2) A circuit court cannot issue dramshop license nor can a circuit court revoke a dramshop keeper's license except when such revocation is incident to a conviction in the circuit court for the violation of some dramshop law by a licensed dramhsop keeper, therefore no appeal would lie from an order of a county court refusing to grant a dramshop license or an order of a county court revoking a dramshop license. Bean v. County Court, 33 Mo. App. 635. (3) The right of an appeal was unknown to the common law and if it exists at all in a given case it is by virtue of some constitutional provision or statutory enactment. State v. Thayer, 158 Mo. 36, 58 S. W. 12. (4) The purpose of an appeal being to give a superior court full power to try a cause anew and render judgment anew, no appeal will lie under section 3012, Revised Statutes 1899, from the order of the county court revoking William H. Barnett's dramshop license, to the circuit court of Pemiscot county, because said circuit court is without power to hear the cause for revocation and is without power to render any judgment thereon. R. S. 1899, sec. 3012.

NORTONI, J.—Defendant was a bartender in the employ of Wm. H. Barnett, a dramshop keeper, who

owned and maintained a licensed dramshop at the town of Cottonwood Point in Pemiscot county. Charges were preferred against Wm. H. Barnett in the county court of said county under the provisions of section 3012 of the Revised Statutes of 1899, to the effect that he had not at all times kept an orderly house. Upon a hearing thereof, the county court revoked his said license which had at some time theretofore been granted him by said court. Barnett then filed his affidavit and bond for an appeal of said proceeding to the circuit court of Pemiscot county. The county court denied him an appeal therein. He then sued out in the circuit court of said county, a temporary writ of mandamus, commanding said county court to grant such appeal. Upon a hearing in the circuit court of the mandamus proceeding, the court dismissed the cause and denied the writ, holding that Barnett was not entitled to an appeal from an order of the county court revoking his license aforesaid. Barnett perfected an appeal from said judgment to this court. That case was argued and determined here adversely to him and is reported, Barnett v. Pemiscot County Court, 111 Mo. App. 693. While this mandamus proceeding was pending, Wm. H. Barnett continued his saloon business at Cottonwood Point on the faith of his contention that the county court had no right to revoke his license and that he was entitled to an appeal from such proceeding. His bartender, Pete Kirk, the defendant in this case, sold liquor for him over the bar of said dramshop after said license was revoked, the same as before. The prosecuting attorney of Pemiscot county informed against him in the circuit court of said county for selling intoxicating liquors without first taking out a license as a dramshop keeper. The charge is not denied.

The facts are all one way as to defendant selling liquor after the county court had made an order revoking the license. The only defense was that the county

court had no right to revoke such license and that Wm. H. Barnett's proffered affidavit and bond for appeal in the county court, filed in due time, had operated as a supersedeas of the judgment of such court and that his license was still in force. The defendant was convicted in the circuit court and fined $40, from which conviction he appeals to this court and makes the same contention here.

This controversy is settled by the ruling of this court in the case of Barnett v. Pemiscot County Court, supra, where the court said: "Our conclusion is that the county court in revoking the license of appellant, acted in an administrative and ministerial capacity as the agent of the State, exercising the police powers thereof to the end that the business otherwise unlawful, should not be conducted in a manner contrary to the permit theretofore by it granted and that the proceeding contemplated by section 3012 which was had in this case by the county court is in no sense judicial for the reason that no right of life, liberty or property was therein involved nor adjudicated and that there was therefore no case or cause pending in the county court as is contemplated by the statute granting appeal therefrom to the circuit court," citing Higgins v. Talty, 157 Mo. 280, 57 S. W. 724. The judgment of the circuit court was therefore affirmed, holding that the county court had full power and jurisdiction to revoke said license and that there was no appeal therefrom. This ruling dispenses with the defense set up in the case at bar. The judgment is therefore affirmed. All concur.