STATE ex rel. H. A. HALLWAY, Relator, v. EDWARD H. HOLLRAH et al., Judges, Respondents.

St. Louis Court of Appeals, November 4, 1913.

1. **DRAMSHOPS: Renewal of License by County Clerk: Authority of County Court to Review Action.** The action of a county clerk in granting, in vacation of the county court, a dramshop license for six months, upon the expiration of the first license granted, pursuant to Sec. 7206, R. S. 1909, is not subject to review by the county court, and that court has no power to revoke the license so granted, except by a proceeding on five days' notice, as authorized by Sec. 7218; Sec. 7207, which provides

State ex rel. v. Hollrah.

that the clerk shall make a report to the county court of all such licenses granted by him in vacation, and the amount paid thereon, merely making provision for the elightenment of the county court in regard to his action, and not authorizing that court to review the same.

*Held* by REYNOLDS, P. J., concurring, that the sole power possessed by the clerk, with respect to the issuance of dramshop licenses, is to grant them to persons who have before then filed a proper petition and have been licensed by the court for the preceding six months; and that his act in granting such license is subject to review by the county court, not on the coming in of the report thereof, pursuant to Sec. 7207, but in an original proceeding instituted under Sec. 7218.

2. ——: **Renewal of License: Petition Effective for One Year.** Under Sec. 7201, R. S. 1909, providing that the petition of a dramshop keeper shall continue in force and effect for a period of one year from the date of the granting of the first license thereon, where a license is granted on such a petition for six months only, the original petition obtains with full force and effect on an application to the court, or, in vacation, to the clerk, for a renewal of the license for an additional six months.

3. **PROHIBITION: Restraining Threatened Illegal Action of County Court: Dramshops.** In view of the fact that a county court possesses no authority to review the action of a county clerk in renewing a dramshop license, pursuant to Sec. 7206, R. S. 1909, the attempted review of such action by such court and the threatened revocation by it of a license so granted should be restrained by prohibition, as being action beyond its jurisdiction.

## Prohibition. Original Proceeding.

WRIT MADE ABSOLUTE.

*Wm. Wayne, Jr., J. B. Garber* and *W. A. Kelly* for relator.

*C. W. Wilson* and *Charles J. Daudt* for respondent.

NORTONI, J.—This is an original proceeding in prohibition instituted here, and the writ is directed to the judges of the county court of St. Charles county.

Relator is a dramshop keeper in the city of St. Charles. It appears that, at the regular November term of the county court of St. Charles county, and on the fourteenth day of December, 1912, the relator was granted a license as a dramshop keeper in the city of St. Charles by the action of the county court in that behalf then had. The county court found the plaintiff's petition for a dramshop to be in all respects regular and that a majority of those authorized to sign such petitions under the statute had affixed their signatures thereto, also that relator was a proper person to be licensed. Upon the approval of his application for a dramshop license, petitioner paid to the collector of St. Charles county the license fees assessed, took his receipt therefor, filed the necessary statements required by the statute, and executed his bond as a dramshop keeper, which was duly approved. In all respects the proceedings were regular, and the relator was granted a license on his petition by the county court for six months from and after the fourteenth day of December, 1912 to June 14, 1913.

It appears, too, that on the thirteenth day of June, 1913, in vacation of the county court, the relator filed with the clerk of that court his application in writing, as required by law, for a second license on said petition for an additional period of six months; that he paid the collector of revenue the license tax in such cases, and otherwise complied with the law entitling him to a license for six months as a dramshop keeper. Thereupon the county clerk proceeded to and did issue the relator a new license as a dramshop keeper authorizing him to conduct a dramshop the same as before and in accordance with his original petition, from the fourteenth day of June, 1913 to the fourteenth day of December of the same year. Thereafter, on the fourteenth day of July, 1913, at the May adjourned term of the county court, the county clerk reported his action in that behalf to the court, in accordance with section

7207, Revised Statute 1909; that is to say, the clerk filed a statement with the county court to the effect that he had, in vacation, granted relator the renewal license on the original petition above referred to and the amount paid the county collector thereon for State and county purposes. But, upon presentment of such statement to it, the county court declined to recognize the validity of the dramshop license so issued by its clerk in vacation, and set the matter for trial in the court as to whether or not a new license should be issued on the original petition, as though it were competent for it in that proceeding to make an order invalidating the license issued by the clerk in vacation and inquire a second time, long after the adjournment of the term of court at which the petition was approved and original license issued thereon, into the validity of the petition and the fitness of relator as a dramshop keeper. Because the court was thus proceeding to exercise jurisdiction toward a new inquiry in that behalf and to review the action of the clerk in issuing the renewal license in vacation, and as if to annul and deny the same, the preliminary writ of prohibition was sued out here, on the theory that such court was proceeding without jurisdiction in the premises.

It therefore appears that the question for decision relates both to the authority of the county clerk to issue the renewal license for six months, in the circumstances stated, and the power of the county court to review judicially the act of the clerk thereabout and annul or invalidate the license issued for six months by the clerk in vacation, when the dramshop keeper has complied with all of the provisions imposed by the statute and the petition has been determined sufficient and an original license issued thereon six months before.

There can be no doubt that the county court possesses power to revoke the license of a dramshop keeper under the provisions of section 7218, Revised

Statute 1909, whenever it shall be shown to the court, upon the application of any person, that such dramshop keeper has not at all times kept an orderly house, etc. But in such proceedings to revoke the license, the dramshop keeper shall be notified in writing, according to the provisions of that section, of such application five days before the order revoking the license shall be made. Though this section reveals the county court to be possessed of supervisory power in respect of such matters and to revoke a license once issued, no such proceeding is before us here, and the question in judgment pertains alone to the validity of the license issued by the clerk in vacation, for a period of six months. This question must be determined on an interpretation of the statutes according to the legislative intent.

It is urged that the county court possessed the power to revoke and annul a license issued by its clerk in vacation, as here, and that this court has heretofore so declared in the case of State ex rel. Gumperts v. Higgins, 84 Mo. App. 531. It is true the court reviewed the statutes as they then stood touching this question and so declared the law in that case. The statute conferring power on the county clerk to issue a license in vacation for the second six months' period, on the original petition approved six months before by the county court, was the same then as now; but another section of the statute then appearing in the dramshop law no longer obtains. In considering the question in that case, the court laid stress upon sections 3003 and 3002 of the Revised Statutes of 1899. Section 3003 required the clerk to report all licenses issued by him in vacation on original dramshop petitions theretofore approved by the court, to the county court together with the amount paid the collector thereon, and such section is identical with section 7207, Revised Statute 1909. In other words, that statute continues the same now as in 1899. There can be no doubt that this section of the statute, which requires the clerk to make such report

to the county court, at first view suggests the thought that the court may exercise supervisory power over the clerk in respect of granting such license. The statute referred to is as follows:

"The clerk·of the county court shall make out a statement of all such licenses granted by him in vacation, and the amount paid the collector on each for State and county purposes, and report the same to the court at the next term after the same were granted." [Section 7207, R. S. 1909.]

Whatever may have been the intention of the Legislature when this statute was first enacted as a companion with others since repealed, it seems that subsequent legislation repealing other sections indicates an intention on the part of the lawmakers that the clerk shall make his report to the county court for the purpose only of enlightening that tribunal concerning the licenses granted in vacation and the amount paid the collector on each, to the end that the court may be able to supervise the financial transactions involved. We say this because two other sections of the statute, which formerly existed along with this one, and expressly empowered the county court to supervise the matter of issuing dramshop licenses by the clerk in vacation, have been repealed by the Legislature. When the case of State ex rel. v. Higgins, supra, was decided, section 3002 of the Revised Statutes of 1899 then appeared to be parcel of the dramshop law. Section 3001 of the statutes of 1899 was the same as now, and authorized the clerk to issue a license in vacation for six months. That statute is as follows:

"The clerk of the county court shall, at the expiration of the first license granted upon the petition, in the vacation of the court, grant a license for six months to the applicant to keep a dramshop, as prayed for in the petition first presented, upon the payment by such applicant the amount as paid for first license and complying with the other conditions, the same as when

granted by the court, and in no other case shall said clerk grant a license." [Sec. 3001, R. S. 1899.]   [See, also, Sec. 7207, R. S. 1909.]

Section 3002, Revised Statute 1899, on which the court laid considerable stress in the opinion in State ex rel. v. Higgins, is as follows:

"Any person licensed by the clerk as a dramshop keeper who applies to the county court to have such license renewed, shall not be charged with an *ad valorem* tax on those articles for the year on which the tax was paid at the time of granting such license by the clerk." [Section 3002, R. S. 1899.]

It is to be noted that this statute treated with the person licensed by the *clerk,* and implies, though it does not require in express terms, that such person should apply to the county court to have his license renewed, even though the clerk had issued the license in vacation. The relevant words of this statute are quoted by the court in the Higgins case, supra, and pointed to as indicating the act of the clerk was to be reviewed and approved or disapproved by the county court in all of those cases where the license was renewed by the clerk in vacation. However this may be, though section 3002 appeared in the Revised Statutes of 1899 and operated to influence the judgment of the court in State ex rel. v. Higgins, supra, it appears that section had been dropped from our law when the entire subject of the statutes touching dramshops was revised several years theretofore—that is, in 1891. [See Laws of Missouri, 1891, page 128, *et seq.*] The subsequent revision of the statutes reveals that this section is no longer parcel of our law. Indeed, the Revising Committee, on page 3818, Revised Statutes 1909, has noted the fact that section 3002, Revised Statutes 1899 had been repealed by the Act of 1891, page 128. With that statute eliminated, nothing remains in the act to suggest that the county court is to review the action of the county clerk in granting a license in vacation, except that section

7207, Revised Statutes 1909 requires the clerk to report the licenses granted by him and the amount paid the collector thereon to the court. The latter section appears to relate only to the matter of a report to the court for the purpose of enlightening that tribunal with respect to the financial transaction and the amount received by the collector. From what has been said, it appears that the statute (section 3002, R. S. 1899) which contributed to influence the judgment of the court in State ex rel. v. Higgins, is not before us and other statutes clearly reveal that the Legislature intended that the clerk's authority to issue the renewal license for a period of six months on the original petition should be complete in respect of that particular matter, which is not to be reviewed by the court on his mere report thereto.

The statute (section 7201, R. S. 1909) provides, among other things, that the petition of the dramshop keeper shall continue in force and effect for a period of one year from the date of granting of the first license thereon. This constitutes a positive declaration on the part of the Legislature that the petition of the dramshop keeper, when found sufficient and approved by the county court and a license granted thereon, is to continue as a valid petition for the granting of a subsequent license for the period of a year, unless, of course, the court reconsiders its action thereon during the same term at which the petition was approved. The petition thus signed and approved signifies that the property owners in the immediate locality have consented that a dramshop license should be issued to the applicant therein described, to maintain a dramshop in their midst, at the place described, for the period of one year; but the license is usually issued for six months only, and thereafter it is renewed for an additional six months' period. If the county court is in session at the time, the renewal is to be issued, of course, by the court, but if in vacation, then the application is made

to the county clerk; but, in either case, the original petition obtains with full force and effect. Formerly the statutes expressly provided that if the application for the additional six months' license was made to the clerk in vacation, such clerk could grant the license only until the next term of the county court. Under this statute, of course, the court possessed the power of review. The statute referred to is section 4580, Revised Statutes 1889 and is as follows:

"The clerk of the county court may, in the vacation of the court, grant licenses to dramshop keepers until the next term of the court, upon such persons paying the amount levied for State and county purposes, in proportion to the time such license shall continue, together with the *ad valorem* tax, in the same manner as if such license had been granted by the court." [Sec. 4580, R. S. 1889.]

The succeeding section—that is, Sec. 4581 of the statutes of 1889—provided that any person licensed by the clerk as a dramshop keeper who applied to the county court to have such license renewed should not be charged an *ad valorem* tax on those articles on which the tax was paid at the time the clerk granted the license. Obviously, under these statutes, the county clerk was authorized to grant an additional license in vacation only for that period prior to the next meeting of the court, and the court was then authorized to approve or disapprove his act in the premises and therefore ratify or revoke it.

But, by the revision of the Dramshop Act in 1891, both of these sections were eliminated from the act. At this time a new section was incorporated in lieu of section 4580, which, in express terms, authorized the county clerk to issue a license on the original petition, in vacation of the court, *for six months*. [See Laws of Missouri 1891, pages 128, 130, Sec. 12, Act of 1891.] This new statute authorizing the clerk to issue the li-

cense in vacation is the same today as when enacted and appears as section 7206, Revised Statutes 1909.

"The clerk of the county court shall, at the expiration of the first license granted upon the petition, in the vacation of the court, grant a license for six months to the applicant to keep a dramshop, as prayed for in the petition first presented, upon the payment by such applicant of the amount as paid for first license and complying with the other conditions, the same as when granted by the court, and in no other case shall said clerk grant a license." [Sec. 7206, R. S. 1909.]

This deliberate change of the law from that authorizing the clerk to issue a license in vacation, valid only until the next term of court and at which it seems an application to the court was to be made, to a broad authority invested in the clerk to issue a license in vacation for six months, manifests a clear intention on the part of the Legislature to no longer continue the power of the county court to review the act of the clerk touching the same, provided other requirements of the statute had been complied with on the part of the dramshop keeper.

In this case, it appears all other requirements had been complied with by the dramshop keeper at the time the clerk issued his license to him, and no question on that matter is made. Especially is this true when we remember, too, that the Legislature not only authorized the clerk to issue a license in vacation for six months, but repealed both of the sections which theretofore conferred power on the county court touching a review of the matter. Such being the state of the law, it is entirely clear that the county court of St. Charles county was proceeding without jurisdiction when it undertook to review the action of the clerk in issuing relator's license for the renewal period of six months after he had given the bond, paid the tax, filed his statements, etc.

The license so issued by the clerk is a valid one for six months, as the statute expressly so provides, and the only method of revoking it is a proceeding on five days' notice under section 7218, Revised Statutes 1909.

The preliminary rule in prohibition should be made absolute and it is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur; *Judge Reynolds* in a separate opinion.

## CONCURRING OPINION.

REYNOLDS, P. J.—I concur in the result reached in this case, that the alternative writ of prohibition heretofore issued should be made final. I am further of the opinion that the decision of our court in State ex rel. Gumperts v. Higgins, 84 Mo. App. 531, was wrong, as founded upon misconception of the then condition of the law relating to the issuance of dram-shop licenses. That decision was handed down May 8, 1900, and was evidently rendered with article 1, chapter 22, Revised Statutes 1899 alone before the court. While that article, as it appears in the revision of 1899, sets out the Act of April 20, 1891 (Laws 1891, p. 128), it is very clear that the attention of the court was not called to that act as a distinct act, the court evidently proceeding upon the theory that the dram-shop law, as it appeared in the revision of 1899, was a revised act. A reference to the Act of 1891 shows that the concluding section (section 29, p. 133, Acts 1891) is a repealing section, it providing that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed." The compilers of the revision of 1899, while omitting all of the other provisions of article 1, of chapter 56, of the Revised Statutes of 1889, incorporated section 4581 of the revision of 1889, designating it as section 3002 of the revision of 1899. So carrying this section into the Acts of 1899 and interpolating it into that revision amounts to nothing more than a construction by the compilers that this particular sec-

tion had not been repealed by the Act of 1891. Article 1, chapter 22, of the revision of 1899 was not passed as a new act nor as a revised act even, but is merely the work of the compilers of the revision, and while their action in incorporating this section 4581 of the Revised Statutes of 1889 and designating it in those of 1899 as section 3002 and as still in force and as not repealed by the Act of 1891, is entitled to respectful consideration, it is not binding. When the compilers of the revision of 1909 took up this same article, making it article 1, of chapter 63, Revised Statutes 1909, they omitted this section 4581, of the Statutes of 1889, or 3002 of those of 1899, and, as noted by my Brother NORTONI, printed opposite that section, at page 3818, in volume 3, Revised Statutes 1909, a notation that it was repealed by the Act of 1891, and so omitting it from the revision of 1909. In his, I think, they were correct, for it appears very clear that what was section 4581, of the Revised Statutes of 1889, and appeared as section 3002, of the revision of 1899, was entirely inconsistent with the provisions of the Act of April 20, 1891.

Article 1, of chapter 63, of the Revised Statutes of 1909 is not a revised law but a mere compilation of prior legislation and without any new sections whatever; is a compilation of the laws then in force as the compilers then understood, concerning dramshops.

It appears very clear that the Act of 1891 above referred to was intended to be and was an entire revision of the law concerning dramshops as it had existed prior to the passage of this last referred to act. It is complete in itself so far as that subject is concerned, and substituted a new scheme. As I construe that act and subsequent legislation as compiled and appearing in the revision of 1909, that is to say, as appears in article 1, of chapter 63, I think it very clear that there is no authority whatever in the clerk to issue a dramshop license as an original act, meaning by that, on petition, etc. It is true that section 7201, Revised

Statutes 1909, does read, "It shall not be lawful for
any county court in this State, or clerk thereof in vaca-
tion, or any other authority to grant any license to
keep a dramshop in any town or city containing two
thousand inhabitants," etc., but this negation of power
in the clerk cannot be construed into vesting power in
him to grant a license originally, to a party who has
not, prior thereto and during the year, been licensed by
the county court. This is the only section in the stat-
ute that by any possible construction can be held to
mean that the clerk has power as an original proposi-
tion, to grant a license to a person not then holding one
granted by the county court. I do not think that con-
sidering it in connection with the rest of the statute it
confers any power in the county clerk to grant a license
as an original proposition. In the vacation of the
court and at the expiration of the six months after the
first license has been granted by the court, he not only
is authorized by section 7206, of the revision of 1909,
to grant a license for the remaining six months of the
year to the applicant, "as prayed for in the petition
first presented, upon the payment by such applicant of
the amount as paid for first license and complying with
the other conditions, the same as when granted by the
court," but he is ordered to do so, the concluding
words of the section further being, "in no other case
shall said clerk grant a license." I understand from
this that he cannot grant a license on an original appli-
cation, is not to examine into the petition and its signa-
tures, and can only grant a renewal of the license for
the remainder of the year. He is not to require a new
petition, signed by qualified persons; he is to require a
bond and the payment of the license, taxes or fees for
the ensuing period if not paid before then.

As noted by my Brother NORTONI, a check and con-
trol and supervision over the act of the clerk by the
court is amply secured by section 7218 quoted by my
Brother. In brief, I think it very clear, first, that the

sole power of the clerk in granting licenses is to grant them to parties who have before then filed the proper petition and have been licensed by the court for the preceding six months, for it is expressly provided that a petition, properly signed by qualified persons, is good for one year, and, second, that his act in renewing the license, for that is all that it amounts to, to cover the full period of one year, is subject to the review by the court, not on the coming in of the report of the fact of the issue of the license by the clerk but on an original proceeding, on notice to the holder of the license, instituted in accordance with the provisions of section 7218, Revised Statutes 1909. It is on this view of the case that I concur in the result reached by the court in the case.