STATE ex rel. SIDNEY VERBLE, Petitioner, v. M. L. HAUPT et al., Respondents.

St. Louis Court of Appeals, February 3, 1914.

1. **DRAMSHOPS: Grant of License: Judicial Act.** A county court acts judicially in granting dramshop licenses.

2. **COUNTY COURTS: Nature of Functions.** The county court is a tribunal authorized by the Constitution, and while it does not proceed according to the course of common law, it is empowered by the statute to perform judicial functions in some cases and administrative and ministerial functions in others.

3. **DRAMSHOPS: Grant of License: Conclusiveness of Judgment.** The finding and judgment of a county court in awarding a

dramshop license is a judgment of a court of competent, though inferior and statutory, jurisdiction, and, when all the jurisdictional facts appear on the face of the record, its judgment is conclusive thereon and is not subject to collateral attack.

4. JUDGMENTS: Immunity from Collateral Attack: County Courts. A judgment of a county court, within its jurisdiction, like judgments of other courts of competent jurisdiction, is immune from collateral attack.

5. DRAMSHOPS: Revocation of License for Fraud: Powers of County Court. A judgment of a county court granting a dramshop license cannot be reviewed for error or set aside for fraud at a subsequent term of the same court, since such court possesses neither common law nor equity jurisdiction essential to grant such relief, but the license, having been once granted, can only be vacated or set aside by a court of equity, on the ground that it was procured through fraud.

6. COUNTY COURTS: Powers. The county court is an inferior tribunal, possessing only such powers as are conferred upon it by statute, and whether it acts judicially or ministerially, it must move in the orbit defined, and proceed according to the statute.

7. DRAMSHOPS: Revocation of License: Authority of County Court. Section 7218, R. S. 1909, confers upon the county court the only authority it possesses with respect to the revocation of dramshop licenses.

8. PROHIBITION: Revocation of Dramshop License: Restraining Action of County Court. A county court has no jurisdiction to cancel a dramshop license, at a term subsequent to the one at which it was granted, for fraud in procuring it, and prohibition will lie to restrain it from taking jurisdiction of so much of a petition praying for such revocation as predicated the relief prayed for on the ground of such fraud, although the petition contained other charges, under which, if sustained, the court had the right to revoke the license, pursuant to section 7218, R. S. 1909.

9. ———: Writ of Right, When. In cases where a state of facts calling for a writ of prohibition is shown to exist and no other remedy is available, the issuance of the writ is not discretionary but is a matter of right and should always be awarded.

10. ———: Ministerial Acts: Revocation of Dramshop License. Prohibition will not lie to restrain the performance of a ministerial act, and hence a county court cannot be prohibited from proceeding under Section 7218, R. S. 1909 for the revocation of a dramshop license, since proceedings under that sec-

tion involve the performance of purely ministerial and adminis-
trative acts.

11. ———: **Revocation of Dramshop License: Restraining Action
of County Court.** A county court acts ministerially in revok-
ing a dramshop license, under Section 7218, R. S. 1909, but
acts judicially in determining that it has jurisdiction, at a
subsequent term, to revoke such a license, on the ground that
it was procured through fraud; and hence prohibition will lie
to restrain the court from taking jurisdiction on such ground.

## Prohibition.    Original Proceeding.

WRIT MADE ABSOLUTE.

*E. C. Crow, U. A. Dempsey* and *Edw. D. Hays,*
for relator.

The petition of Holt and Dalton, while limiting
its prayer to the revocation of the license, does, in fact,
seek to reopen and review the judgment of the county
court rendered at a former term and to set aside and
annul said judgment. Verble's motion to strike out
was leveled at matters in the petition of Holt and Dal-
ton over which the court had no jurisdiction. The
court overruled the motion and declared its purpose,
by record entry, to grant a hearing on all matters al-
leged in the petition. The court thereby committed
itself to a review and retrial of the questions of fact
determined in its judgment granting the license, which
judgment had been rendered at a former term. (a) The
laws of Missouri vest no authority in the county court
to revoke a saloon license except under the provisions
of section 7218. Sec. 7218, R. S. Mo. 1909; State ex
rel. Hallway v. Hollrah, 160 S. W. 578. (b) A judg-
ment cannot be set aside on the ground that witnesses
falsely testified as to issues settled by the judgment,
unless the party obtaining the judgment deceived the
other party as to how the witnesses would testify.
Railroad v. Mirrieless, 182 Mo. 126; Irvine v. Leyh,
124 Mo. 366; Irvine v. Leyh, 102 Mo. 207; Oxley Stave

Co. v. Butler Co., 121 Mo. 614; Murphy v. DeFrance, 101 Mo. 151; Hamilton v. McLain, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 11; Hunter v. Railroad, 149 Mo. App. 243; Black on Judgments (2 Ed.), sec. 370-372. (c) A judgment will not be set aside because it was founded on perjured evidence, or for any fraudulent matter which was actually presented and decided in the judgment assailed. Hamilton v. McLean, 139 Mo. 678-687. (2) The county court is not a court of equity. A county court acts judicially in determining whether a petition for a dramshop is properly signed, and its judgment is conclusive except in a direct proceeding to set it aside for intentional wrong or fraud. And such proceeding must be had in a court of equity. State ex rel. Heller v. Thornhill, 160 S. W. 558; Kochtitzky v. Herbst, 160 Mo. App. 443; Black on Judgments, sec. 274. (3) Prohibition is the proper remedy to keep a court within the limits of its power in any particular matter, as well as to prevent the excess of jurisdiction in a cause not given to it by law. State ex rel. v. Judah v. Fort, 210 Mo. 512; State ex rel. v. Foster, 187 Mo. 590; State ex rel. v. Elkin et al., 130 Mo. 90; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Bradley, 193 Mo. 33; State ex rel. v. Fort, 178 Mo. 518; State ex rel. Hallway v. Hollrah, 160 S. W. 578; High on Ex. Rem., sec. 772, sec. 781; 32 Cyc. 602.

*Thomas F. Lane* for respondents.

(1) The county courts of this State are invested with original and exclusive jurisdiction in the matter of granting, refusing to grant, and in revoking a dramshop license; and in exercising any, or all of the powers vested in them under the dramshop laws of this State, the county courts act in their ministerial capacity, and do not exercise a judicial function. Art. I, Chap. 63, R. S. 1909; Barnett v. Pemiscot County, 111 Mo. App. 693; Higgins v. Talty, 157 Mo. 280; Black

on Intoxicating Liquor, sec. 362, p. 1411; State v. See-
bold, 192 Mo. 720; State v. Kirk, 112 Mo. App. 447;
State v. Luchta, 130 Mo. App. 284.   (2) It being con-
ceded by the petition of plaintiff and all the other facts
in the case at bar, that the proceedings in the county
court were seeking, merely to revoke the dramshop li-
cense of plaintiff, the county court in proceeding to the
exercise of that right and power under the statute,
was performing a ministerial duty, in furtherance of
the police power of the State in the regulation of the
liquor traffic, which is unlawful, and only permitted to
be carried on under a license, which is issued and con-
trolled by the county courts.   Barnett v. County Court,
supra.   (3) Prohibition will not lie, to interfere with
the performance of a ministerial act or duty; the act
sought to be prohibited must be judicial in its nature.
The writ will be issued only to restrain the acts of a
court, or other inferior tribunal exercising judicial
power, which it has no legal authority to exercise at
all.   Bailey on Habeas Corpus and other Special Reme-
dies, 1913, secs. 355, 356; State v. Clark County, 41 Mo.
44; Casby  et al. v. Thompson, 42 Mo. 133; Vitt v.
Owens  et al., 42 Mo. 512; Hockaday v. Newsome, 48
Mo. 196; Higgins v. Talty  et al., 157 Mo. 280; State
ex rel. v. Police Commissioners, 16 Mo. App. 48; Bail-
ey on Habeas Corpus, secs. 362, 364; State ex rel. v.
Bollinger, 219 Mo. 204; Bacon Mo. Practice, sec. 1062;
State ex rel. v. Burckhardt, 87 Mo. 533; State ex rel.
v. Moehlenkamp, 133 Mo. 134; State ex rel. v. Hick-
men, 85 Mo. App. 198; State ex rel. v. Fort, 107 Mo.
App. 328; Barnett v. County Court, 111 Mo. App.
693.   (4) In the present case the county court had
original and exclusive jurisdiction of the subject-mat-
ter of the controversy, that is, the question of the rev-
ocation of a dramshop license, which said court had
prior thereto issued to Verble, the plaintiff herein; it
had jurisdiction of the person of defendant Verble,
both by notice and voluntary appearance.   Where the

court or other inferior tribunal has jurisdiction of the subject-matter, and the defendant is duly served with process, or voluntarily appears, the writ of prohibition will not be granted. Bailey on Habeas Corpus and other Special Remedies, 1913, sec. 356; In re Cooper, 143 U. S. 472, 36 Law Ed. 232;

NORTONI, J.—This is a proceeding in prohibition issued by virtue of the original jurisdiction of this court, under the Constitution, pertaining to such matters.

The writ is directed to the county court of Cape Girardeau county and the judges thereof, for it pertains to a proceeding pending in that court whereby it is sought to revoke a dramshop license.

The petitioner, Sidney Verble, owns and maintains a dramshop at No. 723 S. Fountain street in the city of Cape Girardeau. Several citizens filed a petition in the county court of that county seeking to revoke Verble's dramshop license on numerous grounds therein set out. Among other things, this petition so filed contains averments of matter which was adjudicated at the time the dramshop license was issued, and seeks a revocation of the license thereon. It is to prohibit the county court from proceeding with respect to this matter so averred that the prohibition is sued out here, on the theory that, though the county court possesses authority to revoke dramshop licenses, no jurisdiction whatever to do so obtains in that tribunal at a subsequent term after issuing the license, on the grounds that the court was deceived or imposed upon when the license was issued, and that the county court, in attempting to do so, is exercising a judicial function beyond its power, in pursuing a course that may result in vacating a valid judgment given at a prior term.

It appears that Sidney Verble, the petitioner, filed his application for a dramshop license in the office of

the clerk of the county court of Cape Girardeau county in the month of September, 1913, and more than ten days before the meeting of the county court in October, as the statute requires. On the seventh day of October, and during the August term of the county court, this petition for a dramshop license was taken up and considered by the court. The record reveals that a remonstrance on the part of certain citizens was filed therein and that a trial of the matter was had. The court found the issue for Verble, and in its judgment given October 7, 1913, recited all of the facts, jurisdictional and otherwise, entitling him to a dramshop license. Among other things the court found that Verble was a law-abiding, assessed, tax-paying citizen, more than twenty-one years of age, possessing the qualifications to own and conduct a dramshop; that his petition was signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in the block where the dramshop was to be kept, etc., etc. Having found and recited all of the essential facts, the court by its judgment approved Verble's petition and ordered that a license to maintain a dramshop at 723 S. Fountain street in the city of Cape Girardeau be issued to him. Verble paid the license tax, necessary fees, qualified by giving the bond required, filing his statements contemplated by the statute, etc., and performed all of the conditions on his part entitling him to proceed in the business of a dramshop keeper under the license so granted. There is no controversy with respect to the sufficiency of the records of the county court pertaining to the matter of Verble's application for and the finding and judgment granting him the license as a dramshop keeper. Thereafter the county court adjourned to court in course. The next regular term of the county court convened in pursuance to law on the first Monday in November, 1913. Thereafter and during such subsequent or November term of the county court, Ivan Lee

Holt and L. L. Dalton, citizens of Cape Girardeau, filed their petition in the county court, praying such court to revoke the dramshop license so issued at the prior or August term of the court in October to Verble on several grounds set out in such petition. So much of that petition as is relevant to the questions involved is copied here and the portion italicized is for immediate consideration. It is charged therein of and concerning the petition and proceeding on which the dramshop license was granted:

*"That the said petition did not contain the names of a majority of the assessed tax-paying citizens and guardians of minors owning property in the block and square where said dramshop was to be kept, and the license was therefore wrongfully granted.*

*"That there was fraud and collusion practiced by the said Sidney Verble in procuring the court to count the name of Mrs. Minnie Smith in favor of said dramshop petition; that the said applicant, Sidney Verble, offered testimony before this court touching the qualification of Mrs. Minnie Smith as a signer on said petition, tending to show that the said Minnie Smith was a real estate owner in said block and square where said dramshop was to be kept, when in truth and in fact she had long prior thereto sold and disposed of the real estate, formerly owned by her, by deed made to one Mrs. M. E. McCormick, late widow of Esau McCormick, deceased. That the said Minnie Smith was not a legal signer on said dramshop petition.*

*"That the said Sidney Verble procured the county court to reject the name of Mrs. McCormick, which should have been counted against said petition, by fraudulent testimony tending to show and prove to the court that the said Mrs. McCormick was not the owner of property in the said block or square where said dramshop was to be kept, and that said testimony was false.*

*"Your petitioners would further represent and show to this honorable court that the said Sidney Verble is not a legally qualified person to receive a license and to keep a dramshop under the laws of this State and that petitioners verily believe and represent the fact to be that the said Sidney Verble is the agent, representative, partner or employee of persons engaged in the manufacture and sale of intoxicating liquors and that in truth and in fact the said Sidney Verble is not the owner of the dramshop, operated under the license heretofore granted to him.*

"Your petitioners would further represent and show to this honorable court as they verily believe and represent the facts to be that said Sidney Verble has violated section 7218, Revised Statutes 1909 of Missouri, in this, that he has not at all times kept an orderly house at the place where he has operated and is now operating a dramshop, that he has permitted minors and persons under the age of twenty-one years to enter, remain in and loiter in his dramshop and that he has sold, given away and disposed of intoxicating liquors and permitted the same to be done in and about the premises and his dramshop to minors and persons under the age of twenty-one years; that the said Sidney Verble on various and divers occasions has permitted persons to sing and dance in and about the said dramshop premises, make loud and unusual noises and that the manner in which he has conducted said dramshop constitutes the place a nuisance, that persons have frequently become drunk and disorderly, who habitually visit the dramshop and carry on in a loud, noisy and boisterous manner.

"Wherefore the premises considered, your petitioners pray the court to revoke the license heretofore granted to the said Sidney Verble.

"Respectfully submitted.

"IVAN LEE HOLT,
"L. L. DALTON."

Due notice of the filing and pendency of this petition to revoke his license having been served upon Verble, he appeared in the county court by counsel on the second day of December, 1913, on which date the matter was set for hearing, and filed his proper motion in writing, praying that court to strike out all of that portion of the petition above copied, which appears here in italics, for the reason that the court was without power to consider the same as grounds for the revocation of his license. However, though Verble and his counsel denied the facts set forth in the latter part of the petition pertaining to his keeping a disorderly house, they conceded the power to revoke the license under section 7218, Revised Statutes 1909 for the reasons enumerated therein. The motion to strike out a portion of the petition related alone, as we have said, to those averments of fact above italicized, which pertain to matters adjudicated in October at the August term of the court when the license was issued. It appears in the record before us that this motion was duly argued by counsel representing both parties on December second and was by the court overruled, two of the judges voting in the affirmative to do so, while the third Judge, William Paar, dissented from such ruling. The motion to strike out having been thus overruled, the record of the county court recites that, ''thereupon this cause is by the court set for hearing on all matters alleged in the said petition of Holt and others on December 16, 1913,'' and the further hearing was continued to that date.

On these matters being made to appear here, the preliminary rule was issued against the county court of Cape Girardeau county on December 12, 1913, prohibiting further proceedings with respect to such matters set forth in the petition of Holt and Dalton and as appears above italicized. Upon the return coming in, it appears that William Paar, one of the judges, confesses the absence of power in the county court to

proceed with respect to the subject-matter of those averments, and says he declined to participate therein, while his associate judges in their separate returns insist to the contrary—that is, that such power is possessed by the court.

There is no controversy about the facts, and the record before us invokes a conclusion of law with respect to the power of the county court to proceed at a subsequent term to revoke a dramshop license issued at a prior term on a sufficient showing and finding of fact as by reviewing such showing, finding of fact and judgment at a subsequent term, on grounds of either error or fraud. There can be no doubt that in whatever capacity the county court may assume to act in the matter of revoking a dramshop license, it acts judicially in granting one. This question was long since settled in the jurisprudence of the State. It is unnecessary to extensively discuss it. The Supreme Court and the several Courts of Appeals have frequently so decided. The county court is a tribunal authorized by the Constitution, and while it does not proceed according to the course of the common law, it is empowered by the statute to perform judicial functions in some cases and administrative and ministerial functions pertaining to some other matters.

The statute authorizing the issue of dramshop licenses commits the hearing and decision with respect to them to the county court in the several counties of the State other than St. Louis and the city of St. Louis. Among other things, the statute imposes the duty upon the county court to hear the evidence and ascertain whether or not the petition of the applicant for license is signed by a majority of the tax-paying citizens and guardians of minors in the block or square in which the dramshop is sought to be established in cities such as Cape Girardeau. It requires the court to ascertain and determine, too, whether the applicant is over twenty-one years of age and a law-abiding assessed

tax-paying citizen, etc.  The exercise of the power thus conferred with respect to this subject-matter, essentially partakes of the judicial character and the court acts as a court judicially thereon.  In this view numerous cases declare that the finding and judgment of the county court in awarding a dramshop license is a judgment of a court of competent, though inferior and statutory, jurisdiction, and when all of the jurisdictional facts appear on the face of the record, its judgment is conclusive thereon.  [See State v. Evans, 83 Mo. 319; State ex rel. Campbell v. Heege, 37 Mo. App. 338; Burkharth v. Stephens, 117 Mo. App. 425, 94 S. W. 720; State ex rel. Pulliam v. Fort, 107 Mo. App. 328, 81 S. W. 476; Kochtitzky v. Herbst, 160 Mo. App. 443, 140 S. W. 925; State ex rel. Heller v. Thornhill, 174 Mo. App. 469, 160 S. W. 558.]  The same is true with respect to the board of aldermen and the power it exercises in the matter of granting dramshop licenses in cities of the fourth class, as will appear by reference to State ex rel. Schade v. Russell, 131 Mo. App. 638, 110 S. W. 667.

This judgment of the county court, though one of an inferior tribunal, moving within its statutory sphere, like other judgments of courts of competent jurisdiction, is immune from collateral attack.  [State v. Evans, 83 Mo. 319.  See, also, State ex rel. Schade v. Russell, 131 Mo. App. 638, 110 S. W. 667.]  It is certain that it may not be reviewed for error nor set aside for fraud at a subsequent term of the same court, for the very sufficient reason that the county court possesses neither common law nor equity jurisdiction essential to attend to such matters.  However, the judgment of a county court granting a dramshop license may be vacated and set aside for fraud in procuring the judgment by a court of equity on a proper bill therefor, as has been heretofore determined.  [See Kochtitzky v. Herbst, 160 Mo. App. 443, 140 S. W. 925; Burkharth v. Stephens, 117 Mo. App. 425, 94 S. W.

720; State ex rel. Heller v. Thornhill, 174 Mo. App. 469, 160 S. W. 558.] But no such proceeding is before us, and though the averments in the petition to revoke the license in the instant case may be sufficient to authorize a court of equity to proceed thereon, they avail nothing to move the county court to the same end, for, as before said, no power with respect to such matter is lodged with that tribunal. True it is the county court may revoke a dramshop license and this, too, at a term subsequent to that at which it was granted, but in so doing it must proceed according to the statute concerning that particular subject-matter. This is true for the reason that the county court is an inferior tribunal, possessing only such powers as are conferred upon it by statute, and whether it acts judicially or ministerially, it must move in the orbit defined and proceed according to the statute. In this view it has frequently been decided that section 7218, Revised Statutes 1909 confers the sole and exclusive authority upon the county court for the revocation of a dramshop license. [State ex rel. v. Lichta, 130 Mo. App. 284, 109 S. W. 825; State ex rel. Hallway v. Hollrah, 177 Mo. App. 670, 160 S. W. 578.]

The statute referred to is as follows:

"Whenever it shall be shown to the county court, upon the application of any person, that any dramshop keeper of the county has not at all times kept an orderly house, such court shall order the license of such dramshop keeper to be revoked, and from the date of such order the dramshop keeper shall be deemed to have no license, and to be without the authority of law to act as a dramshop keeper; but the dramshop keeper shall be notified, in writing, of such application, five days before the order shall be made, and costs shall be awarded against the losing party."

It is to be observed that the latter portion of the petition of Holt and Dalton counts upon this section of the statute and charges that Verble did not keep an

orderly house. Of course, the county court possesses full and complete authority to hear and determine that matter and to revoke the license therefor. But by its order of December 2nd, the court overruled Verble's motion to strike out other portions of the petition, and set the case down for hearing on *"all matters"* charged in the petition on December 16, as though it were empowered to inquire as a court of equity into and review the finding and judgment entered by it on the seventh day of October at the term theretofore by which the license was granted. The court was without power to proceed with the inquiry touching those matters, and there can be no doubt that, in determining the question that it possessed such power, it acted judicially on the subject-matter before it. This being true, prohibition will lie to prevent such proceedings as were about to be taken beyond the power of the court, for no other reveiew as by appeal or otherwise is afforded by the statutes in such cases. Indeed, it is said that in cases where a state of facts calling for the writ of prohibition is shown and no other remedy is available, the issuance of the writ is not discretionary but is instead a matter of right and should always be awarded. [See State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037.]

But it is argued that, though the county court acts judicially in passing upon the application for and in granting a dramshop license, it is well settled that it acts ministerially only in revoking such license under the statute. In this view, it is urged that prohibition will not lie here, for it is said the remedy is not available against the performance of a ministerial act, because the writ is purely a judicial one and may only be invoked when judicial functions are assumed, not rightfully belonging to the person or tribunal assuming them. The propositions thus asserted are entirely true, but not so with the conclusion, for it is obvious the county court acted judicially when it determined

the question that it had authority to proceed to review the judgment by which the license was granted at the prior term, on grounds other than those enumerated in the statute authorizing it to revoke the license. So, too, the act of reviewing the judgment entered at the prior term as if to vacate it on grounds other than those authorized by statute would involve the exercise of judicial power, and it is this alone that is sought to be prohibited. It has frequently been determined that the act of revoking the license of a dramshop keeper is not a judicial one. It is said the license which the dramshop keeper obtains is nothing more than a permit, authorizing him for the time to conduct a business otherwise unlawful, and that it is not a contract between the dramshop keeper and the State. It confers no property right upon the dramshop keeper whatever, and is, therefore, not the proper subject for the exercise of judicial power. In this view, the excise commissioner of the city of St. Louis may revoke such a license under the powers conferred upon him by statute, and in so doing he acts in a ministerial capacity and not in a judicial one. [See Higgins v. Talty, 157 Mo. 280, 57 S. W. 724; State v. Seebold, 192 Mo. 720, 728, 729, 91 S. W. 491.] In the same view, it has frequently been determined that the county court does not act judicially in the matter of revoking the license of a dramshop keeper under the statute, but proceeds as the excise agent of the State in its ministerial capacity in revoking a permit because of the breach of conditions annexed thereto in the granting of it, and that no appeal will lie therefrom to review such action. [See Barnett v. Pemiscot County Court, 111 Mo. App. 693. 86 S. W. 575; State v. Kirk, 112 Mo. App. 447, 86 S. W. 1099; State ex rel. v. Lichta, 130 Mo. App. 284, 109 S. W. 825.] There can be no doubt that if the county court were proceeding alone under the statute toward the revocation of the license of Verble the writ of prohibition would not be available

here, for the reason that ministerial authority and an administrative act alone would be involved. This is, no doubt, the accepted rule of decision. Such was the view expressed by the Supreme Court in State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037, where the county court was proceeding in its administrative or ministerial capacity under the statute in removing the seat of justice in Montgomery county from Danville to Montgomery City. However, in order to proceed and as a prerequisite to proceeding in its ministerial capacity, the county court in that case assumed judicial functions with respect to reviewing and casting aside the returns of the election from one township in the county. Touching this matter, the Supreme Court said that, though the principal transaction of removing the county seat involved only the exercise of the ministerial functions of the court, it nevertheless transcended that power and clothed itself with judicial functions as well. In thus determining its right to proceed to exercise its ministerial duties the court acted judicially and that exercise of judicial power was a proper subject of prohibition and the writ was therefore awarded. [See State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037.]

In the same view, this court, on a prior occasion, determined, too, that though the county court of Montgomery county was authorized to revoke a dramshop license for the causes enumerated in the statute, and in so proceeding it invoked ministerial power only, it nevertheless acted judicially when moving to revoke a license on other grounds than those enumerated in the statutes. [See State ex rel. v. Lichta, 130 Mo. App. 284, 109 S. W. 825.] So it is here, for though the act of revoking a dramshop license under section 7218 is a ministerial act, the act of the county court in determining that it would proceed on the portion of the petition above italicized and review the finding and

judgment entered at the prior term and vacate that judgment, to the end of revoking the license, is obviously the assumption and exercise of judicial power not lodged in that tribunal. This being true, it is entirely clear that the writ of prohibition is available at the suit of Verble to require that tribunal to remain within its lawful jurisdiction and not transcend the same by attempting to exercise a judicial function.

It is true this proceeding seems to be unusual in awarding prohibition to restrain the county court from moving on a portion of a petition only, but the case is an extraordinary one in character, for no appeal or writ of error may be had from the final judgment of the county court thereon and relator is without a remedy otherwise. This being true, the preliminary rule in prohibition should be made absolute and the writ awarded to restrain the county court of Cape Girardeau county from inquiring into the matters set forth in the portion of the petition above italicized alone and leaving it free to proceed in the discharge of its ministerial functions under the concluding paragraph of the petition of Holt and Dalton in accordance with the provisions of section 7218, Revised Statutes 1909. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.